CASE 30—GAMING—JUNE 14, 1884.

## Moore v. Settle.

| 82 | 187 |
| 106 | 526 |

APPEAL FROM OWEN CIRCUIT COURT.

1. The General Statutes, chapter 47, article 1, section 4, title "Gaming," giving an action to recover money lost at gaming to the loser * * * or "any other person," do not include the wife of the loser.
2. The section means, by the words "any other person," persons competent to sue.
3. The wife is incompetent to assert the action.

MONTFORT & MONTGOMERY AND LINDSAY & BOTTS FOR APPELLANT.

1. Appellee, as the wife of Evan Settle, the loser in the game described in the petition, has no legal capacity to sue for the recovery of the money lost by her husband at gaming. A married woman can not sue alone on any action other than as provided by the statute.
2. This is not an action between herself and her husband.
3. It is not an action concerning her separate property.
4. It is not an action concerning her general property in which her husband refuses to unite with her. (Gen. Stat., chapter 47. article 1. sections 2, 3 and 4; Barney v. Turner, 4 Met., 117; Caldwell v. Caldwell, 2 Bush, 452; Civil Code, sections 92, 118, 544, 547. 34. 619; Bliss on Code Pleading, section 29; Hardin v. Gerard, 10 Bush. 261; Moore v. Tisdah, 5 B. Mon., 356; Uhrig v. Harstman; Gen. Stat., pages 520, 521, 129; Mass., 427; 4 Met., 263; 3 Bush, 132; Petty v. Molier 14 B. Mon., 247; 11 Bush, 327; 4 B. Mon., 323; 2 J. J. Mar., 82; 2 Bush, 263; Ib., 115; Gen. Stat., page 533; 1 B. Mon., 315;.

Gen. Stat., chapter 29, article 24, section 1; 5 Bush, 204; 7 *Ib.*, 537; Crim. Code, section 11; 9 Bush, 696; 11 *Ib.*, 497.)

O. B. HALLAM FOR APPELLEE.

1. Coverture is no longer a disability involving want of legal capacity to sue. Objection to a suit by the wife alone must be for defect of parties and not for want of capacity.

2. The words "any other person" include the loser's wife, and the statute gives her the right to sue independently of the Code.

3. It is an action to recover money; it is an action concerning property.

4. The petition shows a cause of action, and is sufficiently specific.

5. It is the end of each game or setting that determines the winning or losing. (Civil Code, sections 34, 92, 118; Hawkins v. Lambert, 18 B. M.. 99; Gen. Stat., chapter 21, sections 12, 15, 16, 17; chapter 29, article 24; chapter 47, article 1, section 4; 1 Wheat Sebuyn, 632; 129 Mass., 407; Bouv. Law Dic., "Person;" Carr v. McHarry, 2 Bush, 264; Caldwell v. Caldwell, *Ib.*, 450; Perritt v. Crouch, 5 Bush, 204; Gen. Stat., 533; 11 B. Mon., 190; Hardin v. Gerard, 10 Bush, 261.)

CHIEF JUSTICE HARGIS DELIVERED THE OPINION OF THE COURT.

Under the title, "Gaming," section 4, article 1, of chapter 47, General Statutes, it is provided that "if such loser or his creditor do not sue for the money or thing lost within six months after its payment or delivery and prosecute the suit to recovery with due diligence, *any other person* may sue the winner and recover *treble* the amount of value of the money or thing lost if suit be so brought within five years from the delivery or payment."

This action, based upon that section, was brought in her own name by the wife of Evan E. Settle, for money which had been won from him at cards by the appellant, Moore. She recovered judgment for the amount, and Moore prosecuted an appeal to the Superior Court, which affirmed the judgment, Judge Bowden *non*-concurring; and Moore appealed the case to this court. He contends that Mrs. Settle had no legal or equitable right under the statute to institute or prosecute the suit. That is the only question necessary to be decided, as it is vital and disposes of the controversy. The section means, by the words "any other person," any other person competent to institute the suit. It creates no new cause of action in favor of per-

sons who could not sue. Nor does it relieve any person of disabilities existent at the date of its passage.

It simply created a new cause of action in favor of such other persons, besides the loser and creditor, as had legal capacity, either in person or by another, to sue. Else aliens, the wife of the winner, and others wholly incompetent to sue, could institute such actions, and thus, instead of the mere creation of a new cause of action, the statute would be misapplied to the removing of disabilities which are no part of its subject and not mentioned or alluded to in it. As, therefore, the statute has nothing to do with prescribing the capacity of "any other person" to bring such suits, leaving that branch of the law untouched, the appellee's right to sue the winner must depend upon the law found outside of this statute. We can find none to support her claim to sue.

By the first subsection of section 34 of the Civil Code, it is provided that: "In actions between husband and wife; in actions concerning her separate property; and in actions concerning her general property, in which he refuses to unite,—she may sue or be sued alone."

This is not an action between husband and wife, nor is it an action which she may bring for him under subsection 4 of that section of the Code, for it is not alleged or claimed that he has deserted her. In all other actions in which she is the actor, except those named in the subsection quoted, her husband, committee, curator or next friend must join or prosecute the suit for her. So there is no suit like this that she has the capacity to bring in her own name in the absence of all the conditions and exceptions of section 34, *supra*.

It can not be soundly said that this suit is concerning either her separate or general property in the sense of that section of the Code. For that character of property does not embrace mere rights of action for injury sustained by the wife during coverture, for as--

·sault and battery, slander, and the like, for the rights of which she is the meritorious cause, either at common law or by statute, unless the statute, in creating 'a new cause of action, authorizes her to sue or invests her with general or separate estate in the subject-matter of the action. In actions for personal injury inflicted upon the wife during coverture, the husband and wife must join. But the husband may generally sue alone ·or unite his wife with him for any ordinary right not concerning her general or separate estate accruing during the marriage relation, and in such cases the common law, which is virtually continued by subsection 2 of section 34, *supra*, has wisely left the propriety of instituting such actions to the discretion of the husband; and sound reason, domestic peace, and good public policy unite in sustaining the rule that gives to the husband such control. Our statutes have made but little change, if any, in these rules, except to allow the wife to sue if the husband desert her and to enable her to protect her separate or general property. Where statutes, like that in regard to inebriate husbands, give the wife the right to sue and recover, she may do so by force of the express words of the statute, and the fact that the cases in which she may sue are generally provided for in the Code of Practice and statutes creating new causes of action which expressly invest her with that right, furnishes a strong presumption that her capacity to sue, which has been increased by statute from time to time, must be ascertained from the language of ·such statutes and unrepealed consistent common law rules. The wife, where she is the meritorious cause under a statute like this, or under the one authorizing rewards, may be a proper or necessary party, yet she could not maintain such actions without joining her husband, unless he desert her, then she might bring or defend them in his name.

Wherefore the judgment is reversed, and cause remanded with directions to grant appellant a new trial ·and for further proper proceedings.