MARGARET M. SPILLER *vs.* FREDERICK J. CLOSE.

Cumberland. Opinion, March 29, 1913.

*Action. Gambling. Married Women. Money Lost by Gambling. Person. Property. Recovery. Revised Statutes, Chapter 63, Section 5. Revised Statutes, Chapter 126, Section 8. Wife.*

1. It is one of the elementary rules of the common law that husband and wife were to be deemed one person, and that during the existence of the marriage relation, the legal identity of the wife was suspended, or merged in that of the husband.

2. It is an established rule of the common law that a married woman could not sue, or be sued, without the joinder of her husband, unless the husband was an alien who had always resided abroad, or was regarded as civilly dead.

3. This common law rule has been modified and the right conferred upon the wife by legislation to prosecute and to defend suits at law or in equity in her own name, without the joinder of her husband in certain classes of suits and for certain specified purposes.

4. Section 8 of Chapter 126 of the Revised Statutes, authorizing "any other person" to bring the action at bar was obviously not enacted for the purpose of removing the disabilities of married women. It does attempt to prescribe the competency of the "other person" who was empowered to prosecute the suit.

5. An action brought by a married woman to recover of the winner treble the amount of money lost by her husband by gambling is not a "suit for the preservation and protection of her property or her personal rights or the redress of her injuries."

6. The legal disability of a married woman, existing at common law, was not removed by Section 5 of Chapter 63 of the Revised Statutes.

On report. Plaintiff nonsuit.

This is an action on the case by the plaintiff, a married woman, to recover treble the value of money alleged to have been lost and paid to the defendant by her husband by gambling and is based on Section 8 of Chapter 126 of the Revised Statutes. Plea, general issue. The case was reported to the Law Court upon an agreed statement of facts, with the stipulation that if the Law Court determines that the suit is maintainable, it is to be remanded for trial; otherwise the plaintiff is to be nonsuited.

The case is stated in the opinion.

*I. L. Elder, and E. O. Greenleaf,* for plaintiff.

*Elmer Perry, and Connellan & Connellan,* for defendant.

SITTING: WHITEHOUSE, C. J., SAVAGE, CORNISH, KING, BIRD, HANSON, JJ.

WHITEHOUSE, C. J. This is an action brought by the plaintiff, a married woman, to recover "treble the value" of money alleged to have been lost and paid to the defendant by her husband by gambling. It is based on the following provision of Section 8 of Chapter 126, R. S., viz.:

"Whoever, by gambling, or betting on persons gambling, loses to any person so gambling or betting, any money or goods, and pays or delivers any part thereof, may sue for and recover the same of

the winner, in an action on the case, brought within three months thereafter; and if the loser does not, without covin or collusion, within said time prosecute therefor with effect, any other person may sue for and recover of the winner treble the value of the same in such action, half to his own use, and half to the town."

It appears from the agreed statement of facts, upon which the case comes to the Law Court, that money was lost to the defendant by the plaintiff's husband by gambling; and that he neglected and refused to prosecute the defendant therefor within three months thereafter. It is stipulated that if the action is maintainable in the name of the present plaintiff, it is to be remanded for trial, otherwise, a nonsuit is to be entered.

It is contended in behalf of the defendant that the plaintiff, being a married woman, was not authorized by the common law, and has never been qualified by any statute of this State, to maintain such an action as the one at bar. On the other hand, the plaintiff contends that since the statute confers the right to maintain the action upon "any other person," and the lexical meaning of the word "person" is a "living human being," the language must be deemed sufficiently comprehensive to include a married woman. But, obviously, it would not be claimed that it was the intention of the Legislature to use the word in such a literal and unrestricted sense as to include minors and persons of unsound mind. The phrase "any other person" must therefore be interpreted to signify any other person who is legally competent to institute such an action.

It is one of the elementary rules of the common law that husband and wife were to be deemed one person, and that during the existence of the marriage relation the legal identity of the wife was suspended, or merged in that of the husband. Hence, it became an established rule of the common law that a married woman could not sue or be sued without the joinder of her husband, unless the husband was an alien who had always resided abroad, or was regarded as civilly dead.

It is familiar knowledge, however, that this common law rule has been greatly modified in modern times, and the right conferred upon the wife by legislation to prosecute and defend suits at law or in equity in her own name without the joinder of her husband in certain classes of suits and for certain specified purposes. The

statute in question authorizing "any other person" to bring the action at bar was obviously not enacted for the purpose of removing the disabilities of married women. It discloses no indication of such an intention. It does not attempt to prescibe the competency of the "other person" who was empowered to prosecute the suit. The question to be determined, therefore, is whether the right to prosecute such an action has been conferred upon married women by any other legislation existing in this State at the time of the commencement of the action.

Section 5 of Chap. 63 of the Revised Statutes, relating to married women, is as follows:

"She may prosecute and defend suits at law or in equity, either of tort or contract, in her own name, without the joinder of her husband, for the preservation and protection of her property and personal rights, or for the redress of her injuries, as if unmarried, or may prosecute such suits jointly with her husband, and the husband shall not settle or discharge any such action or cause of action without the written consent of the wife. Neither of them can be arrested on such writ or execution, nor can he alone maintain an action respecting his wife's property."

But an action brought by a married woman to recover of the winner treble the amount of money lost to him by her husband in gambling, is not a "suit for the preservation and protection of her property or personal rights, or the redress of her injuries." The legal disability of married women, existing at common law, was not removed by this statute, and the attention of the court has not been called to any other statute in this State which can reasonably be construed to have that effect.

In harmony with this view, it was held by the court in *Moore* v. *Little,* 82 Ky., 187 (56 Am. Rep. 889), that a statute nearly identical in terms with our own, authorizing the loser to recover money lost at gambling, and in event of his failure to prosecute, giving to "any other person" the right to sue for treble the amount lost, did not confer upon the loser's wife the right to prosecute the suit for treble the amount.

It is accordingly the opinion of the court that the action at bar is not maintainable in the name of this plaintiff, the wife of the loser. If deemed consistent with sound reason, domestic peace and

a wise public policy to confer upon married women generally, or the wife of the loser in particular, the right to prosecute such an action, that result can be appropriately accomplished by an express legislative enactment for that purpose.

*Plaintiff nonsuit.*