JOHN MORRISON, Administrator of HANNAH P. MARVELL,

*vs.*

JOHN G. BROWN, Executor of WILLIAM MARVELL.

Franklin.     Opinion December 8, 1891.

*Action.   Husband and wife.   Limitation.   R. S., c. 61, § 5; c. 81, § 88; c. 87, § 12.*

Upon a promissory note given by a husband to his wife, an action may be maintained if begun within six years after her decease and within two years and six months of due notice given of the appointment of his executor.

AGREED STATEMENT.

*J. C. Holman,* for plaintiff.

*E. O. Greenleaf,* for defendant.

VIRGIN, J.    The promissory note declared on, dated June 6, 1872, was given by the defendant's testator to his wife, the plaintiff's intestate.    The parties thereto were married in 1858, and cohabited as husband and wife until the death of the wife in July, 1887.    The husband also died in August, 1889.

There is no evidence tending to show that the note was without consideration, as in *Fuller* v. *Lumbert,* 78 Maine, 325 ; on the contrary the only evidence upon that question is contained in the note itself which states that it was given "for value received," which is sufficient evidence, *prima facie,* of consideration.    *Bourne* v. *Ward,* 51 Maine, 191.

No question is raised as to the sufficiency of the demand made under R. S., c. 87, § 12, on July 29, 1890, on the defendant. But the general statute of limitation is pleaded.

The provision in R. S., c. 61, § 5, authorizing a married woman to prosecute suits at law in her own name, as if unmarried, refers to those by the wife against third persons (*Brown* v. *Cousens,* 51 Maine, 301) and not to those against her husband. *Crowther* v. *Crowther,* 55 Maine, 358.    She cannot maintain assumpsit or replevin against her husband during coverture. *Hobbs* v. *Hobbs,* 70 Maine, 383 ; *Crowther* v. *Crowther, supra.* Nor after the connubial relation has ceased by reason of divorce

can she maintain an action on the case against him or those acting under his direction, for an assault made upon her during the subsistence of that relation. *Abbott* v. *Abbott* 67 Maine, 304 ; *Libby* v. *Berry*, 74 Maine, 286. But after that relation has terminated she may maintain assumpsit against him on express or implied contracts made by them during the existence of the marriage relation, when the action is seasonably commenced. *Blake* v. *Blake*, 64 Maine, 177 ; *Webster* v. *Webster*, 58 Maine, 139 ; *Carlton* v. *Carlton*, 72 Maine, 115 ; *Gilley* v. *Gilley*, 79 Maine, 292 ; *Lane* v. *Lane*, 80 Maine, 570.

Was this action seasonably commenced? We think it was. It could not be brought during coverture of the plaintiff's intestate. But when that disability was removed by death, her personal representative could bring the action, at any time within the limited period thereafter (R.S., c. 81, § 88) provided it were commenced within the special limited period provided in R. S., c. 87, § 12. For the contract was legal, but its enforcement was suspended, so long as the marriage relation subsisted ; and when that ceased the remedy quickened. *Wyman* v. *Whitehouse*, 80 Maine, 257, 262. This action was commenced within six years after the wife's decease, and within two years and six months after this defendant was appointed executor of the last will and testament of his testator, and had given the requisite notices of his appointment.

*Judgment for plaintiff for face of note with interest from date of demand, July 29, 1890.*

PETERS, C. J., WALTON, EMERY, FOSTER and HASKELL, JJ., concurred.