SARAH E. SACKNOFF *vs.* ANNA G. SACKNOFF.

Cumberland.     Opinion July 20, 1932.

*Bernstein and Bernstein,* for plaintiff.
*Berman and Berman,* for defendant.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, THAXTER, JJ.

STURGIS, J. Action on the case for negligence, reported on an Agreed Statement of Facts. By stipulation of the parties and by the certificate, judgment as here rendered is final.

The facts stated show that on April 5, 1931, the plaintiff, while riding as a guest in the defendant's automobile, was injured through the negligence of her husband who, temporarily in the defendant's employ, was driving the car. Due care on the part of the plaintiff is conceded.

Under the common law, a husband and wife were deemed to be one person and, while the marriage relation continued, the legal

identity of the wife was suspended or merged in that of the husband. Between the spouses, no right or cause of action existed. *Perkins* v. *Blethen*, 107 Me., 443, 78 A., 574, 575; *Abbott* v. *Abbott*, 67 Me., 304. As to third persons, the joinder of the husband was required in all actions by or against a married woman, unless he was an alien who had always resided abroad or was regarded as civilly dead. *Spiller* v. *Close*, 110 Me., 302, 86 A., 173; *Laughlin* v. *Eaton*, 54 Me., 156; *Ballard* v. *Russell*, 33 Me., 196. And it was held that, if the husband had no cause of action against a tort-feasor guilty of an assault upon his wife because of his own complicity, his disability as a party plaintiff barred an action for the wrong. The wife could not sue alone. *Abbott* v. *Abbott*, supra.

In Chapter 112 of the Acts and Resolves of 1876, the legislature provided that a married woman "may prosecute and defend suits at law or in equity, either of tort or contract, in her own name, without the joinder of her husband, for the preservation and protection of her property and personal rights, or for the redress of her injuries, as if unmarried, or may do it jointly with her husband."

This statute, being in derogation of the common law, has been construed strictly. "The provision authorizing a married woman to prosecute suits at law in her own name, as if unmarried, refers to those by the wife against third persons, and not to those against her husband." *Morrison* v. *Brown*, 84 Me., 82, 24 A., 672; *Hobbs* v. *Hobbs*, 70 Me., 383. "It relates to cases when, by the very assumption, the hunsband may be a party with the wife, or not, at her election." *Hobbs* v. *Hobbs*, 70 Me., 381. And, "It only authorizes her to maintain alone such actions as previously could be sustained when brought by the husband alone or by the husband and wife jointly. It enlarges not her right of action, but her sole right of action. It does not enable her to maintain suits which could not have been maintained before, but to bring in her own name those which before must have been brought in the husband's name, either alone or as a party plaintiff with her." *Libby* v. *Berry*, 74 Me., 286. This interpretation of the scope and meaning of the statute was recognized and approved in *Howard* v. *Howard*, 120 Me., 480, 115 A., 259.

The Legislature has accepted and affirmed this construction of

its enactment. After the earlier cases, cited, were decided, in three general revisions of the statutes, the Act of 1876 was reënacted without change. Now and subsequent to *Howard* v. *Howard*, supra, it again appears as Sec. 5, Chap. 74, R. S. (1930). The language of Appleton, C. J., in *Cota* v. *Ross*, 66 Me., 161, 165, is appropriate: "After the repeated construction of a statute, its reënactment upon the revision of the statutes is always regarded as a legislative affirmance of the statute as previously construed by the judiciary."

The law so established and reaffirmed is the rule of this case. "If the doctrine of *stare decisis* is ever to have force, it is when the repeated adjudications of the courts have received the legislative sanction upon a general revision of preceding statutes. If it be deemed expedient, the legislature can change the law; but it is not for the court to usurp legislative authority." *Cota* v. *Ross*, supra.

An action for the plaintiff's injury, in the case at bar, could not be maintained by her husband alone or in joinder with her. It is elementary that the same person can not, in the same suit, sustain the two-fold character of plaintiff and defendant to enforce a right or redress a wrong. The incongruity of an action by a servant against his master for damages for injuries caused solely by his own negligence is apparent. The logic of the common law rule is that "If there was no injury to him (the husband), there was none to her (the wife). They were one." *Abbott* v. *Abbott*, supra. And if there is no injury, there is, of course, no right of action. *Nichols* v. *Valentine*, 36 Me., 322, 324. Under the settled law of this jurisdiction, the plaintiff can not maintain this suit.

It is true, as argued by counsel, that, along with the doctrine of the unity of the spouses and the resulting limitations upon the wife's right of action, this Court has recognized the rule now generally accepted, that the contributory negligence of the husband is not imputed to the wife riding merely as a passenger in a car under his sole control and management. *Kimball* v. *Bauckman*, 131 Me., 14, 158 A., 694; *Mitchell* v. *B. & A. Railroad Co.*, 123 Me., 176, 122 A., 415; *Cobb* v. *Power & Light Co.*, 117 Me., 455, 104 A., 844. But adherence to that rule is not warrant for a departure from the settled law applicable to this case. The doctrine of imputed negligence is not here involved.

Counsel have called attention to and ably discussed the views of other courts upon the question here raised. The weight of authority seems to be opposed to a recovery by a married woman from her husband's employer for personal injuries due solely to her husband's negligence. And although the reasons advanced for so holding differ, and the effect of the legislative and judicial mandates which we find in our law is not considered, the concurrence of opinion there indicated, that this new field of litigation in tort actions, directly or indirectly between the spouses, should be opened up only by express and unequivocal legislative enactment, is impressive. The cases supporting this view are *Maine* v. *James Maine & Sons Co.*, 198 Iowa, 1278; 201 N. W., 20; 37 A. L. R., 161; *Riser* v. *Riser*, 240 Mich., 402; 215 N. W., 290; *Emerson* v. *Western Seed & Irrig. Co.*, 116 Neb., 180; 216 N. W., 297; 56 A. L. R., 327. See also Harvard Law Review, Vol. XLIII, No. 7 (May, 1930).

On the other hand, in New York a married woman has been allowed to recover in this kind of a case. In *Schubert* v. *Schubert Wagon Co.*, 249 N. Y., 253; 164 N. E., 42, 43; 64 A. L. R., 293, that court views its Domestic Relations Law (Consol. Laws, Chap. 14, Sec. 57) that "a married woman has a right of action for an injury to her person, property or character . . . as if unmarried" as the rule, and the disability of the spouses to maintain actions for personal injuries against each other as an exception "engrafted upon this rule . . . by authority and tradition." With a challenge to the reasoning of the Iowa, Michigan and Nebraska decisions cited, it is there held that the action is within the statute rather than the exception. This case can not be followed here. As already noted, the common law has not been so extended by the Married Women's Act, so called, of this state. It remains the rule and not the exception.

*Poulin* v. *Graham*, 102 Vt., 307, 147 A., 698, follows the reasoning and result of the Schubert case. It is to be assumed that the statutes of Vermont warrant its acceptance as "satisfactory." The statutes of Maine do not.

This brief review covers all the cases from other states, directly in point, which have been cited. All are instructive but none can determine the question here, owing, as has been said, "to the great divergence of language in the statutes affecting the powers of mar-

ried women and the different results to which the courts necessarily have been led." And to further quote, "The Common law, with its statutory modifications, must be taken as it is in this State." *Perkins* v. *Blethen*, supra.

The entry upon this Report must, therefore be,

*Judgment for the defendant.*