Thelma **CAMPBELL**, Ira **MacGregor,**
Elizabeth Mahoney, Clyde Mann, Levi
Doucette, Adam Campbell,

v.

**MAINE CENTRAL TRANSPORTATION
COMPANY.**

**Lucinda H. WEST**

v.

**MAINE CENTRAL TRANSPORTATION
COMPANY** and Eugene McNally, al-
so known as James F. McNally.

**Daisy EMERY**

v.

**Eugene McNALLY,** also known as James
F. McNally.

Nos. 4–142, 4–199, 4–200.

United States District Court
D. Maine, S. D.
April 30, 1957.

William B. Mahoney and Francis C.
Rocheleau, Portland, Me., for third party
plaintiffs.

John A. Platz and Louis Scolnik, Lew-
iston, Me., for third party defendant.

ALDRICH, District Judge.

These are a number of cases for personal injury. The plaintiffs were passengers riding in a bus operated by the corporate defendant. In one case the corporation is the only defendant. In the others the bus driver is also a defendant. The plaintiffs are citizens of Nova Scotia, and the defendants of the state of Maine.

In each case the defendant, or defendants, moved to file a third-party complaint under Fed.Rules Civ.Proc. Rule 14, 28 U.S.C.A., to bring in as a third-party defendant one Tripp, a citizen of Massachusetts, the operator of an automobile. The third-party complaints sufficiently allege that the negligence of Tripp is the sole, or, in the alternative, the concurrent cause of the accident to the bus which caused the injuries to the plaintiffs. Motions to permit the filing of the third-party complaints were allowed. Tripp thereafter answered to the merits. He now moves to vacate the orders of allowance.

■ The first question, in view of the modification in Rule 14 effected in 1948, is whether Tripp is, or may be, liable to the third-party plaintiff or plaintiffs, as distinguished from liability to the original plaintiffs. This requires deciding whether the third-party plaintiffs may be able to obtain contribution from Tripp as a joint or concurrent tort-feasor. The accident having occurred in this state I must look to the law of Maine. All parties rely on Hobbs v. Hurley, 117 Me. 449, 104 A. 815. The third-party plaintiffs assert that Hobbs adopts the liberal rule of contribution spelled out in Knell v. Feltman, 85 U.S.App.D.C. 22, 174 F.2d 662. Tripp asserts that it permits contribution only in unusual instances.

■ In Hobbs v. Hurley two principals had a common agent whose negligence, in what the court pointed out was a lawful undertaking, resulted in judgment against both principals in an action by a third party. The full amount was collected from one. The court held that he could obtain contribution from the other. It stated that the denial of contribution when liability was due to willful and intentional conduct should not apply when the action of the party seeking contribution was unintentional. How far it went in its concept of unintentional conduct is not entirely clear. However, I read the opinion as broadly encompassing the facts in the case at bar. In applying the rule of Erie v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, it is not my function to draw fine distinctions not suggested in the opinion.[1]

Alternatively, Tripp asserts that the right of contribution does not arise until the joint tort-feasor has satisfied a judgment. While some courts have so indicated, the Maine court has not so determined, and in the absence of such holding I believe the rule suggested to be an improvident limitation of the purpose of Rule 14. Glens Falls Ind. Co. v. United States, 9 Cir., 229 F.2d 370.

■ I turn now to questions of jurisdiction and venue. While Tripp has discussed these subjects in argument, I think he is confusing some other companion cases not presently before me. In those the original plaintiffs were citizens of Massachusetts, as is Tripp. Even there I would not dismiss. Some courts have held that if diversity exists in the original action, this is enough to support the third-party proceeding, without independent or related diversity

---

1. It is of passing interest to note that the Maine court purported to follow the Massachusetts law, citing Jacobs v. Pollard, 10 Cush., Mass., 287, and Nickerson v. Wheeler, 118 Mass. 295. While those cases, standing alone, might well have indicated that the Massachusetts court would have permitted contribution on the facts there involved, I observe that other Massachusetts cases, later than the one cited, but decided well prior to Hobbs, did not bear out that promise. Churchill v. Holt, 131 Mass. 67; Old Colony St. Ry. Co. v. Brockton & Plymouth St. Ry. Co., 218 Mass. 84, 105 N.E. 866. However, I do not believe it is for me to say that the court inadvertently overlooked these other cases. Rather, it must have preferred the earlier Massachusetts authority.

there. Certainly correspondence of citizenship between the original plaintiff and the third-party defendant should be immaterial where, under the present form of Rule 14, the action is not between them. Sheppard v. Atlantic States Gas Co., 3 Cir., 167 F.2d 841; Bernstein v. N. V. Nederlandsche-Amerikaansche,. 2 Cir., 173 F.2d 71.

I do not understand Tripp's argument on venue at all. In any event, his answers to the complaints, reserving no objection to improper venue, constituted a waiver. F.R.Civ.Pr. 12; Panama R. R. Co. v. Johnson, 264 U.S. 375, 44 S.Ct. 391, 68 L.Ed. 748.

There remains the question of judicial discretion, present in all Rule 14 cases. In view of the identity of the facts and the substantial identity of the questions involved, it seems to me that it might almost be an abuse of discretion to dismiss the third-party complaints. Cf. Sporia v. Penn. Greyhound Lines, Inc., 3 Cir., 143 F.2d 105. The motions of the third-party defendant are denied.