**Clara J. REED, Plaintiff**

v.

**Gertrude L. STONE, Defendant and Third Party Plaintiff (Melvin P. Reed, Third Party Defendant).**

**Betty Rae JEPPSEN, Plaintiff**

v.

**Andre H. JAEGER, Jr., Defendant and Third Party Plaintiff (Kenneth E. Jeppsen, Third Party Defendant).**

**Nos. 1060 and 6-3.**

United States District Court
D. Maine, S. D.

Aug. 28, 1959.

Edw. J. Berman, John J. Flaherty, Sidney W. Wernick, Portland, Me., Michael DeMarco, Malden, Mass., for plaintiff, Clara J. Reed.

William B. Mahoney, Portland, Me., Fred W. Small, Gorham, Me., for defendant, Gertrude L. Stone.

**464**

Franklin G. Hinckley, Porter Thompson, Portland, Me., for third-party defendant, Melvin P. Reed.

David A. Nichols, Camden, Me., for plaintiff, Betty Rae Jeppsen.

William B. Mahoney, Portland, Me., for defendant, Andre H. Jaeger, Jr.

John J. Flaherty, Portland, Me., for third-party defendant, Kennth E. Jeppsen.

GIGNOUX, District Judge.

These are diversity actions to recover damages for personal injuries arising out of separate automobile collisions. In each action the plaintiff was a passenger in a car owned and operated by her husband; the defendant was the driver of the other car involved in the collision; and the defendant has joined the plaintiff's husband as third-party defendant. Each third-party complaint sufficiently alleges that the husband was negligent, and seeks contribution from him, as a joint tortfeasor, of one-half of the amount of any damages for which the defendant may be found liable to the plaintiff. By answer in Civil No. 1060 and by motion in Civil No. 6–3, the third-party defendant seeks dismissal of the third-party complaint on the ground that the defendant's claim for contribution is barred by the marital relation between the plaintiff and the third-party defendant. The Court concurs.

There seems to be no question but that Maine law, which this Court must apply in these actions, permits contribution between unintentional joint tortfeasors. Hobbs v. Hurley, 1918, 117 Me. 449, 104 A. 815; see Campbell v. Maine Central Transportation Co., D.C. Me.1957, 20 F.R.D. 629. However, the general rule, which the courts have recognized and applied with practical uniformity, is that a right of contribution can arise only against a joint tortfeasor who is himself directly liable to the injured party. Yellow Cab Co. of D. C., Inc. v. Dreslin, 1950, 86 U.S.App.D.C. 327, 181 F.2d 626, 19 A.L.R.2d 1001; Scruggs v. Meredith, D.C.Hawaii 1955, 135 F.Supp. 376; Schroeder v. Longenecker, D.C.E.D.Mo.1947, 7 F.R.D. 9; Koenigs v. Travis, 1956, 246 Minn. 466, 75 N.W.2d 478; Zutter v. O'Connell, 1930, 200 Wis. 601, 229 N.W. 74; contra, Puller v. Puller, 1955, 380 Pa. 219, 110 A.2d 175; Fisher v. Diehl, 1945, 156 Pa.Super. 476, 40 A.2d 912; Zutt v. Blatt, D.C.E.D.Pa.1952, 13 F.R.D. 3. See: Annotation 19 A.L.R.2d 1003. The basis of the majority view is that a common liability is essential for contribution. See, e. g., Yellow Cab Co. of D. C., Inc. v. Dreslin, supra, 181 F.2d at page 627; Koenigs v. Travis, supra, 75 N.W.2d at page 483; Zutter v. O'Connell, supra, 229 N.W. at pages 76–77. Although the Maine Court has not ruled upon this precise question, a careful reading of Hobbs v. Hurley, supra, indicates that the right of contribution there recognized was similarly predicated upon the joint liability of the parties involved. Lacking an express holding by the Maine Court, this Court can only conclude that in the absence of such a common liability there is no right of contribution under Maine law.

In each of the instant cases the third-party defendant is the husband of the plaintiff, and under the rule of Sacknoff v. Sacknoff, 1932, 131 Me. 280, 161 A. 669, there could be no direct recovery by the plaintiff-wife of her husband. Consequently, even if the husband's concurring negligence be established, there can be no joint liability of the third-party defendant and the defendant to the plaintiff which can form the basis for a right of contribution as between the defendant and the third-party defendant. It follows that the third-party defendant cannot be subjected to the burden of contribution and the third-party complaint must be dismissed.

Accordingly, It Is Ordered that the third-party complaints in both actions be, and they hereby are, Dismissed.