Elizabeth LaCHANCE

v.

SERVICE TRUCKING CO., Inc., a body corporate,

and

Norman E. Wisseman, Defendants and Third-Party Plaintiffs,

v.

Marcel R. LaCHANCE

and

Merle W. Webber, Jr., Third-Party Defendants.

Civ. No. 13104.

United States District Court D. Maryland.

March 19, 1963.

See also 215 F.Supp. 159.

Sigmund Levin and Paul Berman, Baltimore, Md., John G. Marshall and Laurier T. Raymond, Jr., Lewiston, Me., for plaintiff.

Samuel S. Smalkin, Robert J. Thieblot and Rollins, Smalkin, Weston & Andrew, Baltimore, Md., for Service Trucking Co., Inc. and Norman E. Wisseman, defendants and third-party plaintiffs.

Herbert F. Murray and Clater W. Smith, Baltimore, Md., for Marcel R. La-Chance, one of the third-party defendants.

James D. Peacock, John H. Mudd and Semmes, Bowen & Semmes, Baltimore, Md., for Merle W. Webber, Jr., one of the third-party defendants.

THOMSEN, Chief Judge.

In the action brought by Elizabeth La-Chance against Service Trucking Co., Inc., and Wisseman, the defendants have filed a third-party complaint against Marcel R. LaChance, her husband, who was driving the car in which she was riding, and Merle W. Webber, Jr., who owned the car and was a passenger therein and is therefore alleged to be liable for the husband's negligence. Third-party defendants have moved to dismiss the third-party complaint, arguing that the wife could not have sued her husband or her husband's employer or principal in the Maryland state courts or in this court, and therefore a third-party complaint for contribution cannot be filed against either of them herein. Third-party plaintiffs dispute the stated premise, contending that the law of North Carolina, where the accident occurred, permits a wife to sue her husband for tort, and that the lex loci delicti controls. No decision of a Maryland court dealing with the precise problem has been cited or found. Certain legal principles, however, are not disputed.

■ It is a general rule, which the courts have recognized and applied with practical unanimity, that a right to contribution can arise only against a joint tortfeasor who is himself directly liable to the injured party. Ennis v. Donovan, 222 Md. 536, 161 A.2d 698; Yellow Cab Co. of D. C. v. Dreslin, 86 U.S.App.D.C. 327, 181 F.2d 626, 19 A.L.R.2d 1001; Zaccari v. United States, D.Md., 130 F. Supp. 50; Reed v. Stone, D.Me., 176 F. Supp. 463.

■ The law of North Carolina, the lex loci delicti, permits a wife to sue her husband for tort. See Crowell v. Crowell, 180 N.C. 516, 105 S.E. 206; reh. den. 181 N.C. 66, 106 S.E. 149; Roberts v.

Roberts, 185 N.C. 566, 118 S.E. 9, 29 A.L.R. 1479; Earle v. Earle, 198 N.C. 411, 151 S.E. 884; Bogen v. Bogen, 219 N.C. 51, 12 S.E.2d 649. It also provides for contribution among joint tortfeasors. Gen.Stat. of N.C. (1953), Division II, sec. 1–240. Godfrey v. Tidewater Power Co., 223 N.C. 647, 27 S.E.2d 736, 149 A.L.R. 1183; Wilson v. Massagee, 224 N.C. 705, 32 S.E.2d 335, 156 A.L.R. 922.

■ If an accident occurs in the State of Maryland, the Maryland law will not permit a wife to prosecute an action based upon her husband's alleged negligence against her husband, Furstenburg v. Furstenburg, 152 Md. 247, 136 A. 534, nor against a partnership of which her husband is a member, David v. David, 161 Md. 532, 157 A. 755, 81 A.L.R. 1100, nor against her husband's employer, Riegger v. Bruton Brewing Co., 178 Md. 518, 16 A.2d 99, 131 A.L.R. 307. Nor could a third-party complaint against the husband be filed by the defendant in an action filed by the wife. Ennis v. Donovan, 222 Md. 536, 161 A.2d 698.

■ The law of Maine, where Mr. and Mrs. LaChance are domiciled, does not permit a wife to sue her husband for tort. Sacknoff v. Sacknoff, 131 Me. 280, 161 A. 669, and cases cited therein. Nor may he be brought in as a third-party defendant. Reed v. Stone, supra.

■ Since this is a diversity action, this court must apply the conflict of laws rules of the State of Maryland in determining all substantive questions involved. Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477; Herr v. Holohan, D.Md., 131 F. Supp. 777. Rule 14(a), F.R.Civ.P., governs any procedural question; but the issue whether the claim for contribution alleged in the third-party complaint could be prosecuted in a Maryland state court is a substantive question. That question has not been decided by the Maryland courts, so this court must rule as it believes the Court of Appeals of Maryland would rule if the question were presented to it. To that end this court will consider the general law, in the light of such applicable principles as have been stated by the Court of Appeals of Maryland.

A few cases have stated that the law of the domicile of the husband and wife should be the controlling factor. See Emery v. Emery, 45 Cal.2d 421, 289 P. 2d 218; Koplik v. C. P. Trucking Corp., 27 N.J. 1, 141 A.2d 34. In Haumschild v. Continental Casualty Co., 7 Wisc.2d 130, 95 N.W.2d 814, this doctrine was applied to permit the prosecution of an action by a wife against her husband in Wisconsin, which was both the forum and the domicile, although no right of action was given by the lex loci delicti.

Most authorities, however, have held that the law of the place where the tort occurred should control, unless the public policy of the forum against such actions is so strong that it will refuse to enforce that law. See authorities collected in Anno. 22 A.L.R.2d 1248, et seq.; Restatement, Conflict of Laws, secs. 384, 612, comment b. In Loucks v. Standard Oil Co., 224 N.Y. 99, 120 N.E. 198, 201, Judge Cardozo said: "Similarity of legislation has indeed this importance; its presence shows beyond question that the foreign statute does not offend local policy. But its absence does not prove the contrary." Judge Goodrich, in his work on Conflict of Laws, 3d ed., sec. 11, says: "It should take an extraordinary case to justify an argument founded upon the public policy of the forum."

In Riegger v. Bruton Brewing Co., supra, the Court of Appeals of Maryland discussed the earlier cases in Maryland and throughout the country on the question whether a wife may sue her husband in tort, and noted that in the leading Maryland case, Furstenburg v. Furstenburg, supra, as in Thompson v. Thompson, 218 U.S. 611, 31 S.Ct. 111, 54 L.Ed. 1180, "the holdings were based upon a finding that such an action did not exist in favor of the wife at common law and her rights had not been so enlarged by statute as to permit the action". 178 Md. at 521, 16 A.2d at 100. The Court then quoted from David v. David, supra, a passage discussing the reasons why recovery had been allowed

in other states, "usually on the ground that with the disappearance of the fiction of identity, the reason for the rule denying persons in the relation of husband and wife the right to sue each other in tort ceased". The Court added: "But that view has been rejected by what seems to be the weight of authority, not only upon the technical and artificial ground that the identity of husband and wife persists in its original vigor until it has been completely dissolved by express legislative mandate, in respect to all matters which the Legislature has not expressly included within the meaning of the emancipatory statutes, but upon the broader sociological and political ground that it would introduce into the home, the basic unit of organized society, discord, suspicion, and distrust, and would be inconsistent with the common welfare." 178 Md. at 522, 16 A.2d at 101. The Court continued, at 523, 16 A.2d at 101: "To hold that the employer is liable because of the acts of its agents against whom no liability exists in favor of the person injured would result in holding appellee liable notwithstanding her inability to have legal redress against the person causing her injuries. Such a holding would, in our opinion, be entirely inconsistent with the rule in Maryland to the extent it has been declared by our previous decisions, and the result would be to permit the wife to do indirectly what admittedly she may not do directly." Furthermore, noting that if the employer were liable to the wife, the employer might sue and recover against her husband, the actual wrongdoer, the Court said: " * * * she could not avoid the forbidden frontal attack by an encircling movement against (the employer) who had no part in the negligent transaction". 178 Md. at 524, 16 A.2d at 101, quoting from Raines v. Mercer, 165 Tenn. 415, 420, 55 S.W.2d 263. See also Tobin v. Hoffman, 202 Md. 382, 96 A.2d 597; Hudson v. Hudson, 226 Md. 521, 174 A.2d 339.

In Ennis v. Donovan, 222 Md. 536, 161 A.2d 698, where the accident occurred in Maryland and the defendant sought to bring in the plaintiff's husband as a third-party defendant, the Court refused to permit the prosecution of the third-party complaint, not because the prosecution of the claimed right to contribution would violate any policy of the State, but because under the law of Maryland, where the accident occurred, a right of contribution arises only against a joint tortfeasor who is himself directly liable to the injured party, and under the Maryland law a husband has no such liability to his wife. The language used in that opinion does not indicate a strong feeling on the part of the Court of Appeals that such claims for contribution should never be permitted, but merely that any change in the common law of Maryland should be made by the legislature. The Court stated that a policy argument in favor of allowing the third-party claim in that case "cannot create a right of action where none exists". 222 Md. at 543, 161 A.2d at 702. In the instant case a right of action by plaintiff against the third-party defendants does exist under the law of the place where the accident occurred, North Carolina.

This is an unusual case, in that the forum is neither the place where the accident occurred nor the place where the husband and wife are domiciled. It is probable that the Maryland Court, sensitive to all questions of comity,[1] would not only consider whether the enforcement of the third-party claim in this case would violate any strong policy of the State of Maryland, the forum, but also whether the enforcement of that claim would violate any strong policy of the State of Maine, the domicile of the husband and wife.

The husband and the wife, represented by the same attorney, have filed actions in this Court against the same defendants. The effort to obtain contribution

1. It should be noted that North Carolina would apply the lex loci delicti. Howard v. Howard, 200 N.C. 574, 158 S.E. 101.

from the husband and his employer in the wife's case, as well as in the case of the other passengers in the car which the husband was driving, is being made not by the wife but by the original defendants-third-party plaintiffs.[2] Under these circumstances, the prosecution of the third-party complaint is not likely to introduce into the home any "discord, suspicion and distrust". It is to the interest of both the husband and the wife that culpability and liability be fixed on the original defendants rather than on the husband. Similarly, the more realistic reason for refusing to permit tort actions by a wife against her husband—that they are likely to result in a collusive effort to mulct the husband's insurance carrier—does not apply in the instant case. These considerations would not be sufficient to permit the prosecution of the third-party complaint if the action had happened in Maryland or in Maine, Ennis v. Donovan, supra; Reed v. Stone, supra; but they should be considered where the question is whether the enforcement of the North Carolina law would violate any strong policy of Maryland or of Maine.

In the light of all the Maryland decisions, I conclude that the Court of Appeals of Maryland would hold that under the circumstances of this case there is no strong policy of the State of Maryland which would prevent the maintenance of the third-party claim for contribution based upon the substantive law of North Carolina, the place where the accident occurred.

A review of the Maine decisions shows the same pattern as the Maryland decisions: a policy against the maintenance of an action by a wife against her husband, but the denial of a third-party claim for contribution[3] not on any grounds of policy but for the same reason that the enforcement of a similar claim for contribution was denied by the Maryland Court in Ennis v. Donovan, supra. I conclude, therefore, that although

the Maryland Court might feel that comity required it to refuse to entertain a direct action by a Maine wife against her Maine husband based on an accident in North Carolina, the Maryland Court would hold that the maintenance of the third-party claim under the particular circumstances of the instant case would not violate any strong policy of the State of Maine.

 It follows that the Maryland Court would permit third-party plaintiffs to enforce in Maryland the alleged right to contribution given them by North Carolina law, and that this Court should deny the motion to dismiss the third-party complaint. It is so ordered.

---

2. No question about the right to maintain the third-party complaints in the cases of the other passengers has been raised.

3. In the federal court in Maine, Reed **v.** Stone, D.C., 176 F.Supp. 463.