Coos,
No. 5320.

## RITA PINETTE *v.* EDWARD PINETTE.

Argued April 6, 1965.
Decided June 30, 1965.

*Bergeron* & *Hanson* (*Mr. Arnold P. Hanson* orally), for the plaintiff.

*Hinkley* & *Donovan* (*Mr. Walter D. Hinkley* orally), for the defendant.

DUNCAN, J. This is an action by a married woman against her husband to recover damages arising out of personal injuries suffered in an accident which occurred November 21, 1959 at Bryants Pond, Maine, allegedly by reason of the negligence of the defendant. Subject to the defendant's exception the Presiding Justice (*Leahy,* C. J.) denied the defendant's motion to dismiss. The motion was made upon the ground that the plaintiff has no cause of action under the law of Maine, and that under the law of this jurisdiction as it was at the time of the accident the Maine law was controlling; and upon the further ground that the action is barred by reason of a judgment in favor of the defendant's employer in a prior action by this plaintiff seeking to enforce the same cause of action.

The prior action was brought against John Leblond in the Superior Court for Coos county by writ dated February 1, 1962. The writ alleged that at the time of the accident the plaintiff was a passenger in an automobile owned by Leblond and operated by her husband as Leblond's agent and servant. Leblond moved to dismiss upon the ground that the plaintiff had no cause of action under Maine law. In written argument filed in support of the motion he argued that since the basic facts alleged in the pleadings, upon which the motion must be decided, were that the servant of the defendant was also the husband of the plaintiff, no cause of action was stated under Maine law (*Sacknoff* v. *Sacknoff*, 131 Me. 280) and under the law of this jurisdiction the law of Maine was controlling. *Gray* v. *Gray*, 87 N. H. 82. The motion to dismiss was granted on May 22, 1962.

Thereafter on July 30, 1963 this court handed down its decision in *Thompson* v. *Thompson*, 105 N. H. 86 which overruled *Gray* v. *Gray*, *supra*. The pending action was brought by writ dated June 9, 1964.

In support of his exception to denial of his motion to dismiss, the defendant argues that *Thompson* v. *Thompson, supra*, is not retroactive to the extent that it can affect the rights of the parties to this action, because the doctrine of *Gray* v. *Gray*, *supra*, was reaffirmed by *Morin* v. *Letourneau*, 102 N. H. 309, decided after occurrence of the accident which gives rise to the pending action. He further argues that the plaintiff is barred by the judgment in her prior action against Leblond. *Thirty Pines, Inc.* v. *Bersaw*, 92 N. H. 69.

We think that the language of the opinion in *Thompson* v. *Thompson* may not be relied upon to settle the question of whether that decision should apply retrospectively to actions then pending, or to causes of action which may have accrued prior thereto. The subject was not expressly considered by that opinion. We also think that the issue need not be determined now.

Under the law of Maine, which differs from the law applied in *Miltimore* v. *Company*, 89 N. H. 272, a wife may not recover against her husband's employer for injuries suffered by reason of the sole negligence of her husband acting in the course of his employment. *Sacknoff* v. *Sacknoff*, 131 Me. 280, *supra*. This principle was enforced in accordance with the rule of *Gray* v. *Gray*, *supra*, when the plaintiff's action against Leblond was dismissed. The plaintiff thereby "had her day in court," and the judgment of the Superior Court from which she prosecuted no

appeal is binding upon her. That judgment cannot be unsettled by the later decision in *Thompson* v. *Thompson, supra.*

The judgment entered in 1962, based upon the Maine law, determined that no cause of action founded upon the negligence of the plaintiff's husband ever arose in favor of the plaintiff. No such action could be maintained by the husband alone, or in joinder with the plaintiff, against either himself or his employer. *Sacknoff* v. *Sacknoff, supra.* Because of the concept of unity of husband and wife, the wife could not sue alone, and there being "no injury to him there was none to her." *Abbott* v. *Abbott,* 67 Me. 304, 309.

Having sued the employer in the first place, the plaintiff cannot now maintain a second action against the employee. *Atkinson* v. *White,* 60 Me. 396, 397; 30A Am. Jur., Judgments, *ss.* 347, 348; Annots. 23 A.L.R. 2d 710, 731; 133 A.L.R. 181. The defendant's exception is sustained, and the order is

*Judgment for the defendant.*

All concurred.