JOSIAH H. HOBBS *vs.* WILLIAM P. HURLEY.

Knox.    Opinion November 15, 1918.

*General rule as to contribution between joint tort-feasors. Rule where the parties are
not intentional or wilful wrongdoers. Rule as to right of recovery against
master and servant in actions for negligence. Right of master to
recover of servant for damages paid by master on account
of servant's negligence. Rule as to judgment
of court being open to collateral attack.*

In an action on the case to recover the sum of $274.05 as contribution toward the
payment of a joint judgment in an action of tort rendered against both the
plaintiff and defendant, the entire sum having been paid by the plaintiff,

*Held:*

1.   It is undoubtedly a general rule of law that as between joint tort-feasors in
pari delicto, there is no right of contribution, because the law will not lend its
aid to one who founds his cause of action upon an immoral or illegal act.    It
leaves him where it finds him.

2.   It is equally well established that when the parties are not intentional and
wilful wrongdoers but are made wrongdoers by legal intendment then contribu-
tion may be enforced.    It is only when a person knows or must be presumed to
know that his act was unlawful that the law will refuse to aid him in seeking
contribution.

3.   The rule denying contribution to joint tort-feasors has no application to torts
which are the result of mere negligence in carrying on some lawful transaction.

4.   The joint judgment in this case was based upon the negligence of a servant of
both the plaintiff and defendant in colliding with a team while engaged in
transporting certain parties by automobile from one point to another in Knox
County, a lawful enterprise.

5.   The rights of the parties as to the amount of contribution were fixed by the
judgment in the former suit which stands unreversed.    One-half of the amount
is due from the defendant.

Action to recover certain sum of money as contribution on account
of a judgment rendered against plaintiff and defendant, which judg-
ment was paid by plaintiff.    Cause was reported to Law Court upon
certain agreed statements and stipulations.    Judgment in accordance
with opinion.

Case stated in opinion.

*Charles T. Smalley,* for plaintiff.

*A. S. Littlefield,* for defendant.

SITTING: CORNISH, C. J., SPEAR, HANSON, PHILBROOK, DUNN, MORRILL, JJ.

CORNISH, C. J.   This is an action on the case to recover from the defendant the sum of $274.05 as contribution towards the payment of a joint judgment rendered against both the plaintiff and defendant, the entire sum having been paid by the plaintiff.

The material facts leading up to this action are briefly as follows. On September 7, 1912, one Jethro D. Pease was thrown from his wagon and injured by reason of an automobile, driven by one Herrick as chauffeur, suddenly backing against and frightening the horse of Pease and causing him to cramp the wheels.   The automobile was owned by Mr. Montgomery and an action of negligence was first brought against him by Pease, but it was held that the suit could not be maintained because, while Mr. Montgomery was the owner of the machine, he was not in the possession, control and management of it, nor was the chauffeur acting as his servant at the time of the injury. *Pease* v. *Montgomery,* 111 Maine, 582.

Then suit was brought by Pease against Messrs. Gardner, Hobbs, Hurley and Herrick, and judgment was rendered in favor of the then plaintiff against Messrs. Hobbs and Hurley, the parties in the case at bar in the sum of $500, and judgment in favor of Gardner and Herrick.   *Pease* v. *Gardner,* 113 Maine, 264.   The liability of Messrs. Hobbs and Hurley was placed upon the ground that they had secured this automobile from its owner, Mr. Montgomery, to take Mr. Gardner and perhaps others who were on a political speaking campaign, from Rockland to other towns in Knox County, that for that trip they had the legal possession, control and management of the car and were responsible therefor, that the engagement and operation of the car was a joint enterprise on their part as chairmen of certain political committees, and Herrick the chauffeur was for the time being their servant.

The defendant raises two contentions; first, that the parties to this action against whom the judgment was rendered were joint tortfeasors, and that one joint tort-feasor cannot enforce contribution

from another; second, if the plaintiff is legally entitled to recover, it is only for one-fourth of the amount of the joint judgment, as four persons were involved in the original transaction which was the basis of the judgment.

1. RIGHT OF CONTRIBUTION.

It is undoubtedly a general rule of law that as between joint tort-feasors, in pari delicto, there is no right of contribution.

The reason of the rule is that the law will not lend its aid to him who founds his cause of action upon an immoral or illegal act. It leaves him where it finds him. The leading case is *Merryweather* v. *Nixan,* 8 T. R., 186, and this has been uniformly and consistently followed. The term tort-feasor, as used here, applies to persons who by concert of action intentionally commit the wrong complained of.

But an exception to this rule is equally well settled, and that is that when the parties are not intentional and wilful wrongdoers, but are made wrongdoers by legal inference or intendment, are involuntary and unintentional tort-feasors, so to speak, then the preceding rule does not apply and contribution may be enforced. The rule ceases because the reason for it has ceased. Contribution is not contractual It is an equitable right founded on acknowledged principles of natural justice and enforceable in a court of law.

The exception was suggested by Lord Kenyon in *Merryweather* v. *Nixan,* supra, which announced the rule, and has been fully developed and recognized by later decisions, both in England and this country. *Betts* v. *Gibbons,* 2 Ad. and Ell., 57; *Pearson* v. *Skelton,* 1 Mees. and Wels., 504; *Wooley* v. *Batte,* 2 Car. & P., 417; *Bailey* v. *Bussey,* 28 Conn., 453; *Same* v. *Same,* 37 Conn., 349; *Acheson* v. *Miller,* 2 Ohio St., 203; *Jacobs* v. *Pollard,* 10 Cush., 287; *Nickerson* v. *Wheeler,* 118 Mass., 295, 6 R. C. L., 1055, and cases cited.

The distinction between the two classes of cases and therefore between the rule and the exception was clearly set forth by the Massachusetts Court in these words:

"It is undoubtedly the policy of the law to discountenance all actions in which a party seeks to enforce a demand originating in a wilful breach or violation, on his part, of the legal rights of others. Courts of law will not lend their aid to those who found their claims upon an illegal transaction. No one can be permitted to relieve himself from the consequences of having intentionally committed an unlawful act, by seeking an indemnity or contribution from those

with whom or by whose authority such unlawful act was committed. But justice and sound policy, upon which this salutary rule is founded, alike require that it should not be extended to cases where parties have acted in good faith, without any unlawful design, or for the purpose of asserting a right in themselves, or others, although they have thereby infringed upon the legal rights of third persons. It is only when a person knows, or must be presumed to know that his act was unlawful, that the law will refuse to aid him in seeking an indemnity or contribution. It is the unlawful intention to violate another's rights or a wilful ignorance and disregard of those rights, which deprives a party of his legal remedy in such cases. It has therefore been held that the rule of law, that wrongdoers cannot have redress or contribution against each other, is confined to those cases where the person claiming redress or contribution, knew or must be presumed to have known, that the act, for which he has been mulcted in damages, was unlawful." *Jacobs* v. *Pollard*, 10 Cush., 287, supra.

It may be safely asserted that the rule denying the right of contribution as between joint tort-feasors has no application to torts which are the result of mere negligence in carrying on some lawful transaction. In such cases the parties are tort-feasors, not wilfully, but by inference of law, and the term itself seems disproportionately harsh under such circumstances.

The application of this exception to the facts in the case at bar is obvious. As was said in the former case, "the engagement and operation of the car on this special trip seem to have been a joint enterprise on the part of Captain Hurley and Mr. Hobbs who were interested in a common undertaking." *Pease* v. *Gardner*, 113 Maine at 267. That undertaking was entirely lawful, the transportation of certain parties from one place to another. No element of wrong doing attached to it. In fact, so far as the evidence discloses, neither the plaintiff nor the defendant was present at the time of the accident. But as the car was legally under their possession and control, as they were the owners pro hac vice, as Herrick the chauffeur was their agent, his want of care toward third persons in the eye of the law was imputable to them under the doctrine of respondeat ouster. However there was no voluntary, wilful and intentional wrong doing on their part. There was no community of wrong and there could have been none. Therefore the plaintiff having paid the entire sum for which

he and his quondam partner were jointly liable, he can recover of the defendant his proportional part or one-half thereof. Any other result would be illogical and unjust.

2. AMOUNT OF CONTRIBUTION.

As four persons seem to have been concerned with the transaction, Messrs. Gardner, Hobbs, Hurley and Herrick, the defendant claims that if forced to contribute at all contribution on his part should be limited to one-fourth of the amount of the judgment.

The answer to this contention is two-fold:

In the first place, all four of these persons were joined as defendants in the former suit, and their liability or non-liability was there determined. Judgment was rendered against Hobbs and Hurley while it was held that the action should not be maintained against Gardner and Herrick. That judgment still stands unreversed and is not open to collateral attack unless it was obtained by fraud or unless want of jurisdiction appears on the face of the record. *Toothaker* v. *Greer*, 92 Maine, 546; *Winslow* v. *Troy*, 97 Maine, 130. The rights of the parties were fixed by that judgment and it constitutes the impregnable basis of this suit. Contribution must be of one-half the amount.

In the second place, the result is as it should be under the law. Mr. Gardner was merely a passenger and no liability attached to him.

The chauffeur Herrick was the active party in the negligent act creating the liability, but as he was at the time the servant of Hobbs and Hurley, judgment could not be rendered against him and also against Hobbs and Hurley in a joint suit, as both master and servant cannot be held jointly liable for a negligent act. The reason is that joint tort-feasorship in cases of negligence necessarily implies a community of interest in the object and purposes of the undertaking and an equal right to govern and direct the conduct of each other in respect thereto, and master and servant cannot be said to engage in a common enterprise because that relation is inconsistent with the relation of master and servant. Hence the rule. *Parsons* v. *Winchell*, 5 Cush., 592; *Melchey* v. *Meth. Relig. Soc.*, 125 Mass., 487; *Hill* v. *Murphy*, 212 Mass., 1-4; *Bailey* v. *Bussing*, 37 Conn., 349; *Betcher* v. *McChesney*, 255 Pa., 394. In this we are not speaking of actions of trespass where the wrong is inflicted at the command of the superior, but of ordinary actions of negligence.

We are aware that in some jurisdictions joint actions against master and servant have been allowed even in cases of negligence, *Maybury* v.

*No. Pac. Ry. Co.*, 100 Minn., 79, 10 A. C., 754 and note, but our court has adopted with approval the doctrine and reasoning of the Massachusetts Court.   *Campbell* v. *Portland Sugar Co.*, 62 Maine, 552, 566.

The injured party, Pease, had the right to bring suit against either the servant or the masters, but could not recover a joint judgment against all.   *Duryee* v. *Hale*, 31 Conn., 217; *Bailey* v. *Bussing*, 37 Conn., at 352.

The judgment was obtained against the masters alone and the servant was properly omitted.

Our conclusion therefore is that this action for contribution is maintainable and the entry should be,

> *Judgment for plaintiff for $274.05*
> *with interest from date of the writ.*