EᴤᴤEX CᴏᴜɴᴛY Cɪʀᴄᴜɪᴛ CᴏᴜʀᴛT.

PUBLIC SERVICE RAILWAY COMPANY, PLAINTIFF, v.
JOSEPH MATTEUCCI, DEFENDANT.

For the plaintiff, *Carl T. Freggens.*

For the defendant, *John E. Toolan.*

DUNGAN, J. This case was tried before the court, without a jury, upon an agreed stipulation of facts, from which it appears that one Julia Alexander recovered a verdict in the Supreme Court, Middlesex County Circuit, New Jersey, for $35,000 against the Public Service Railway Company and Joseph Matteucci, the plaintiff and defendant in this action, for physical injuries received by her by reason of the negligence of a servant of the plaintiff in the operation of a trolley car and of a servant of the defendant in the operation of a jitney bus; that the defendant, Matteucci, was insured against loss to him by reason of the said injury in the sum of $10,000; that the said Julia Alexander caused a writ of execution to be issued on the judgment directed to the sheriff of the county of Essex commanding him to make the amount of said judgment of the property of both defendants in her action against them, but which execution was never actually delivered to the sheriff nor any levy made, but that prior

thereto the defendants contributed to the payment of said judgment by the payment by Matteucci of the sum of $10,000, and by the payment by the Public Service Railway Company of the sum of $25,000.

The Public Service Railway Company thereupon brings this suit against Joseph Matteucci claiming that by reason of the payment of said sum of money the Public Service Railway Company, the plaintiff herein, is entitled to contribution from the defendant, Joseph Matteucci, in the sum of $7,500, with interest from February 11th, 1927, the date of the payment by the plaintiff herein to the said Julia Alexander, the plaintiff in the original action, of the said sum of $25,000. The defendant claims that, as a matter of law, the plaintiff is not entitled to any contribution from the defendant by reason of the excess amount paid by the plaintiff on account of the satisfaction of said judgment, and that as a matter of fact the amount paid by the plaintiff was a voluntary payment.

It is undoubtedly the general rule that where one of several wrong-doers has been compelled to pay the damages for the wrong committed, he cannot compel contribution from others who participated in the commission of the wrong.

While, in stating this rule in *Newman* v. *Fowler*, 37 *N. J. L.* 89, Chief Justice Beasley apparently applied it to a case of mere negligence, the question of whether or not there might be contribution between two or more defendants whose concurring negligence resulted in damage to another, was not involved in that case; and, so far as appears from an examination of the New Jersey cases, that precise question does not seem to have been decided in this state.

In many states the decisions are to the effect that a person is not deprived of contribution from another who is also originally liable, where the ground of their liability is merely negligence of both, in carrying on a lawful transaction or business; while in others, it is held that there can be no contribution between persons whose concurrent negligence was the proximate cause of the injury for which one of them has been compelled to respond in damages.

In this state we are free to adopt either principle, which appears to be more logical—more just. The weight of authority seems to favor the right of contribution.

Chief Justice Cornish, of the Supreme Judicial Court of Maine, in the case of *Hobbs* v. *Hurley,* 104 *Atl. Rep.* 815, states so convincingly the proposition in favor of the right to contribution and the reasons therefor, in a case similar to the one being here considered, that his argument is adopted in this case.

In the Main case it appeared that one Pease was thrown from his wagon and injured by reason of an automobile, driven by one Herrick, a chauffeur, who was in the employ of the defendants, Hobbs and Hurley, being backed against and frightening the horse of Pease. Pease brought suit against four persons, in which judgment was given in favor of Pease and against the defendants, Hobbs and Hurley. The defendant Hobbs paid the entire amount of the judgment and brought suit against Hurley, his co-defendant, for contribution.

Chief Justice Cornish said: "It is undoubtedly a general rule of law that as between joint tort-feasors *in pari delicto* there is no right of contribution. The reason of the rule is that the law will not lend its aid to him who founds his cause of action upon an illegal act. It leaves him where it finds him. The term 'tort-feasor,' as used here, applies to persons who by concert of action intentionally commit the wrong complained of."

"But an exception to this rule is equally well settled and that is that when the parties are not intentional and willful wrong-doers, but are made wrong-doers by legal inference or intendment, are involuntary and unintentional tort-feasors, so to speak, then the preceding rule does not apply and contribution may be enforced. The rule ceases because the reason for it has ceased. Contribution is not contractual. It is an equitable right founded on acknowledged principles of natural justice and enforceable in a court of law."

"It may be safely asserted that the rule denying the right of contribution as between joint tort-feasors has no applica-

tion to torts which are the result of mere negligence in carrying on some lawful transaction. In such cases the parties are tort-feasors, not willfully, but by inference of law, and the term itself seems disproportionately harsh under such circumstances."

In that case contribution was allowed.

In the foregoing opinion a number of cases are cited in support of this view, and there is quoted at length a part of the opinion in the case of *Jacobs* v. *Pollard,* 10 *Cush.* (*Mass.*) 287, to the same effect.

In this case, as in that, the "undertaking of both defendants was entirely lawful." "No element of wrong-doing attached to it." "There was no community of wrong, and there could have been none;" therefore the plaintiff in this case having paid $25,000 of a judgment of $35,000, for which the plaintiff, Public Service Railway Company, and the defendant, Matteucci, were jointly liable, it can now recover of the defendant the excess above $17,500 which was one-half of the sum recovered against them, which would be $7,500.

The defendant claims that even though the right of contribution in such a case be allowed, yet, the plaintiff cannot recover in this action because the payment was made voluntarily. That would undoubtedly be true if the court should find that the $25,000 was voluntarily paid by the plaintiff.

By the stipulation of facts it is agreed that the judgment was entered against both plaintiff and defendant for $35,000, that an execution was issued on the judgment, directed to the sheriff of Essex county, but was never actually delivered to him, or levy made, but that prior thereto each of the defendants made the foregoing payments—that is, the Public Service Railway Company $25,000 and the defendant, Joseph Matteucci, $10,000, being the amount for which he was insured.

Judgment having been entered and execution issued, there can be no doubt but that the execution would have been delivered to the sheriff and a levy made on the property of the Public Service Railway Company, the plaintiff here, had not prompt payment been made. There is no question about the

liability of the Public Service Railway Company to make good any part of the judgment not paid by the other defendant, Matteucci, and no good reason appears, such as that given in the case of *McCrory Stores Corp.* v. *Braunstein,* 99 *N. J. L.* 166, where the plaintiff chose to make the payment of rent to the defendant rather than risk the possibility of an adverse decision in a tenancy proceeding, why the plaintiff should withhold payment of the judgment for which it was liable until after additional costs had been added by the delivery of the execution to the sheriff and a levy made. The finding on this point, therefore, is that the payment was involuntary.

These views result necessarily in a judgment in favor of the plaintiff, Public Service Railway Company, and against the defendant, Joseph Matteucci, for $7,500, with lawful interest thereon from February 11th, 1927.