Marie LAVOIE, et al.

v.

CELOTEX CORPORATION, et al.

(EASTERN REFRACTORIES
COMPANY, INC.

v.

FIBREBOARD CORPORATION)

Supreme Judicial Court of Maine.

Argued Nov. 13, 1985.

Decided Feb. 25, 1986.

McTeague, Higbee, Libner, Reitman, & McAdam, G. William Higbee, Brunswick, for plaintiffs.

Perkins, Thompson, Hinckley & Keddy, Thomas Schulten (orally), Portland, for Eastern Refractories.

Kelly, Remmel & Zimmerman, U. Charles Remmel (orally), Portland, for Fibreboard.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN and SCOLNIK, JJ.

ROBERTS, Justice.

The case at bar is the consolidated appeal from two orders of the Superior Court, Sagadahoc County, certified pursuant to M.R.Civ.P. 54(b) and granting summary judgment to the appellee, Fibreboard Corporation (Fibreboard), on cross-claims brought against it by the appellant, Eastern Refractories Company (Eastern). Both Eastern and Fibreboard are defendants in tort actions based upon personal injuries resulting from exposure to asbestos fibers. Eastern's cross-claims against Fibreboard seek contribution or indemnity on any judgment entered in the plaintiffs' favor against Eastern. Because we find no basis for the Superior Court's orders, we vacate the summary judgments.

Marie A. Lavoie and Rene Lavoie, Jr. seek damages from Fibreboard, Eastern and thirteen other defendants for injuries allegedly sustained by Mrs. Lavoie's exposure to asbestos fibers brought home on the clothing of her father, a pipe coverer employed at Bath Iron Works. Similarly, Lucy A. Roehrig and Leon Roehrig seek damages from fourteen defendants based on Mrs. Roehrig's exposure to asbestos fibers on the clothing of her husband, also a Bath Iron Works pipe coverer. Eastern answered the plaintiffs' complaints and cross-claimed against Fibreboard and several other defendants for contribution or indemnity.

Thereafter, the plaintiffs and Fibreboard agreed upon a settlement arrangement, known as a Pierringer arrangement after the Wisconsin case of *Pierringer v. Hoger,* 21 Wis.2d 182, 124 N.W.2d 106 (1963). The arrangement was designed to permit Fibreboard to insulate itself from claims for contribution by the remaining non-settling defendants. The arrangement had three elements: (1) a settlement bargain with the plaintiffs that disposed of the complaint against Fibreboard and purported to substitute the plaintiffs for Fibreboard as the party at risk on contribution or indemnity claims by other defendants, (2) a summary judgment that disposed of contribution or indemnity claims against Fibreboard, and (3) a procedural order that regulated the matters of proof going to fault allocation.

Pursuant to the settlement arrangements, the plaintiffs filed notices of dismissal with prejudice of their actions against Fibreboard. On the same day Fibreboard filed and served motions for summary judgment on the cross-claims asserted against it by Eastern. Eastern objected to the motions.[1] The Superior Court entered judgment in Fibreboard's favor, and Eastern obtained an entry of a final judgment under M.R.Civ.P. 54(b) to allow it to bring this appeal.

Eastern maintains that it has a right of action for contribution or indemnity against Fibreboard, and absent consent from Eastern, the Superior Court cannot dismiss that action pursuant to an agreement between Fibreboard and a third party. We agree with Eastern.

We have long recognized an unintentional joint tortfeasor's right of action for contribution. *Hobbs v. Hurley,* 117 Me. 449, 451–53, 104 A. 815, 816–17 (1918). In *Packard v. Whitten,* 274 A.2d 169, 181 (Me.1971), we held that the amount recoverable in an action for contribution is based on the proportion of contributive fault of

---

1. Fibreboard filed and served motions for summary judgment to all defendants who cross-claimed against it. Eastern was the only party to object to the summary judgment. Our decision, therefore, pertains only to the cross-claims filed by Eastern against Fibreboard. *Cf. Thurston v. 3K Kamper Ko.,* 482 A.2d 837, 839, 842 (Me.1984) (Pierringer arrangement concurred in by the defendant allowed to stand against the defendant).

each joint tortfeasor to the damages suffered by the plaintiff. Absent an overwhelming policy consideration, we find no basis in Maine law for allowing Fibreboard and the plaintiffs to obtain the dismissal of Eastern's cross-claims without Eastern's consent.[2]

Fibreboard argues that policies favoring settlement provide the consideration necessary to override Eastern's objection to the dismissal of its cross-claim. Although we generally favor such policies, they do not sufficiently support the trial court's action in this case. Policies favoring settlement help to reduce the burden upon the judicial system. Such policies are adopted primarily for the benefit of the judicial system as a whole, not for the purpose of allowing plaintiffs a quicker or more substantial recovery of damages to the detriment of defendants. In the case at bar, we see no benefit to be attained by our sanctioning the arrangement before us because dismissing Eastern's cross-claims does not materially decrease the complexity of the litigation. Under the arrangement the proportional fault of the dismissed defendants still must be decided at trial. *See* 14 M.R.S.A. § 156; *Thurston v. 3K Kamper Ko.*, 482 A.2d 837 (Me.1984).

Fibreboard also argues in favor of the Pierringer arrangement because it contends that the arrangement does not harm the non-settling defendant. Fibreboard maintains that the settlement releases *all persons* from liability to the plaintiffs for any injury suffered as a result of the settling defendant's actions. Furthermore, Fibreboard points out that nothing in the arrangement prohibits Eastern from submitting evidence of Fibreboard's fault to the jury and obtaining an allocation of the percentage of fault under 14 M.R.S.A. § 156.

We cannot agree that the settlement arrangement has no practical effect on the non-settling defendant. The practical effect of a non-settling defendant arguing the question of liability in the absence of the settling defendant is dependent on the circumstances in each case, and cannot be determined in the abstract. Absent Eastern's consent to the procedural arrangements proposed in Superior Court, Eastern must have the opportunity to litigate its cross-claims against Fibreboard.

The entry is:

Summary judgments entered upon Eastern Refractories Company's cross-claim against Fibreboard Corporation vacated.

Remanded for further proceedings consistent with the opinion herein.

All concurring.

---

2. We are aware of the recent decision of the United States District Court in *Stacey v. Bangor Punta Corp.*, 108 F.R.D. 72 (D.Me.1985). Although we note that the court declined to implement a Pierringer arrangement when the non-settling defendant objected to the dismissal of its cross-claim, we decline to adopt in this opinion the analysis that "two distinct statutorily-based adjudicative options" are available to the non-settling joint tortfeasor under 14 M.R.S.A. §§ 156 and 163.