**Dana CLOCKEDILE** [1]

v.

**TOWN OF YARMOUTH, et al.**

Supreme Judicial Court of Maine.

Argued Jan. 14, 1987.
Decided Feb. 12, 1987.

---

**1.** Dana Clockedile was substituted for the original plaintiffs, Clarence and Rhodena Clockedile, by virtue of their deaths and his appointment as the personal representative of each. Rhodena Clockedile died while suit was pending but prior to trial. Clarence Clockedile died after trial but prior to the entry of judgment.

David J. Corson (orally), Tristine Grimes Smith, Robert N. Walker, Yarmouth, for plaintiff.

Preti, Flaherty & Beliveau, Michael G. Messerschmidt (orally) Portland, Christopher D. Nyhan for Town of Yarmouth.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

WATHEN, Justice.

The personal representative of the original plaintiffs, Clarence and Rhodena Clockedile, appeals from judgments entered against the Town of Yarmouth in the Superior Court (Cumberland County). On appeal, plaintiff contends that the jury verdict assessing damages in the total amount of $300,000 was erroneously reduced to judgments totalling $60,000 against Yarmouth. At issue is the Superior Court's treatment of a Pierringer release and an order for summary judgment entered in favor of a co-defendant, N.E. Construction Company. Yarmouth cross-appeals. We find no reversible error and we deny the appeal and cross-appeal.

## I.

The case before us involves a lengthy and complex procedural history, marked by several instances of irregularity. On August 25, 1977, Clarence and Rhodena Clockedile were injured when their vehicle, operated by Clarence, drove into an unmarked ditch dug across Portland Street in Yarmouth. As a result, both parties sustained personal injuries. In 1979, both plaintiffs brought suit against the Town of Yarmouth, the Maine Department of Transportation, N.E. Construction Company (the general contractor of a development being constructed off Portland Street), and Ted Mundy (a sub-contractor hired by N.E. Construction). The Department of Transportation was eventually dismissed. *See Clockedile v. State Department of Transportation,* 437 A.2d 187 (Me.1981). Defendant Mundy failed to answer the complaint or otherwise defend and a default was entered against him. No cross-claims for contribution were filed between Yarmouth and N.E. Construction.

In April 1982, plaintiffs entered into a settlement with N.E. Construction Company for a total payment of $100,000. Each plaintiff signed a Pierringer release which purported to

(1) preserve Releasor's causes of action for which Releasee is not liable and for which other tort-feasors may be liable; (2) allow Releasee to enter into final settlement with the knowledge and peace of mind that the amount hereby paid to Releasor is the total amount which Releasee will ever pay, either to Releasor or any other person, including without limitation, any joint tort-feasor(s) by way of a claim for contribution and/or indemnification and any person by way of a claim for loss of services or loss of consortium, as a result of said exposure; and (3) enable Releasee to seek and obtain final dismissal as any kind of party defendant (including third-party defendant or defendant in cross-claim) in the Pending Action or in any other suit, action or proceeding.

Following execution of the releases, N.E. Construction moved for summary judgment in its favor on plaintiffs' complaint. Plaintiffs joined in the motion for summary judgment and filed notices of dismissal with prejudice of their claims against N.E. Construction. Yarmouth objected to both

the motion for summary judgment and to the attempted dismissal.[2]

After hearing, the Superior Court entered an order granting N.E. Construction's motion for summary judgment on plaintiffs' complaint.[3] The mandate also ordered that special interrogatories be submitted to the jury "so that they shall specify the respective legal fault of N.E. Construction Company, Inc. and the Town of Yarmouth." Although the order was issued pursuant to a settlement between plaintiffs and N.E. Construction, the Superior Court also addressed the non-settling defendants' liability. In this regard the Court observed that a defendant's right to contribution arises only as an incident of payment of more than its "fair share" of liability to the plaintiff. The Court concluded that there is no basis for contribution where the plaintiff and released defendant have contractually ensured that non-settling defendants will pay no more than their causal contributions.

A jury trial began on February 25, 1985. Only Yarmouth remained as an active defendant. Following four days of testimony, the jury returned a special verdict for each plaintiff. The jury found Yarmouth, N.E. Construction, and Mundy guilty of negligence. The jury assessed Rhodena Clockedile's total damages as $220,000 and apportioned fault as follows: Mundy—70%, Yarmouth—20% and N.E. Construction—10%. Clarence Clockedile was found to have been damaged in the amount of $80,000 and the fault of the three tort-feasors was apportioned in the same manner.

Initially, the court postponed the entry of judgments until counsel had an opportunity to submit proposed judgments. On February 28, 1986, the Superior Court entered an order allowing the parties to submit briefs on the effect of this Court's decision, issued on February 25, 1986, in *Lavoie v. Celotex Corporation,* 505 A.2d 481 (Me. 1986). Yarmouth subsequently filed a motion for relief from order and for a new trial contending that *Lavoie* compelled the court to vacate the 1982 order that entered summary judgment for N.E. Construction. On May 5, 1986, the Superior Court filed an opinion and order denying Yarmouth's motions for relief and a new trial. The Superior Court entered judgment for the plaintiffs against Yarmouth for the combined total of $60,000; the judgment against Mundy totalled $140,000. The total judgments equalled the total jury verdict minus the $100,000 settlement paid to plaintiffs by N.E. Construction.

Plaintiffs appeal from the entry of judgments contending they are entitled to recover a judgment against Yarmouth for the entire $200,000 pursuant to the statutory imposition of joint and several liability on tort-feasors. Yarmouth filed a cross-appeal challenging the presiding justice's denial of the motions for relief and a new trial.

## II.

Plaintiffs view the current controversy in rather simplistic terms. They note that no cross-claims for contribution have ever been filed between the defendants. Under these circumstances, it is their position that the Pierringer release accomplished nothing more than a dismissal of the action against the settling defendant, N.E. Construction. Thus, they argue that with respect to non-settling defendants, the execution of a Pierringer release does not preclude the application of joint and several liability.[4] It is their contention that the

---

**2.** Because the dismissal related to fewer than all of the defendants, it required an order of court in order to be effective. *See* M.R.Civ.P. 41(a). The court did not address the attempted dismissal other than by entering summary judgment.

**3.** In the typical Pierringer situation, the settling defendant is dismissed from the main action and moves for summary judgment on the cross-claims filed against him by any non-settling

defendants. The summary judgment on the cross-claim, ordinarily contains a provision for fault allocation similar to that contained in the summary judgment order in this case.

**4.** In relevant part, 14 M.R.S.A. § 156 (1980), provides as follows:

> In a case involving multi-party defendants, each defendant shall be jointly and severally

Superior Court should have entered judgments in the amount of $200,000, jointly and severally against Yarmouth and Mundy, after deducting in accord with 14 M.R.S.A. § 163 (1980) the amount received in settlement from N.E. Construction. Although the Pierringer release in this case purports to release "all persons" from liability for that portion of the cause of action attributable to the fault of N.E. Construction, plaintiffs argue that such a contractual discharge is incapable of altering joint and several liability, as recognized under 14 M.R.S.A. § 156.

Plaintiffs' argument focuses strictly on the release and ignores the terms of the summary judgment which they sought in order to give effect to that release. The release expressly recited that it was the parties' intent to enable N.E. Construction "to seek and obtain final dismissal as any kind of party defendant (including third-party defendant or defendant in cross-claim) in the Pending Action or in any other suit, action or proceeding." Moreover, the release requires that plaintiffs take no action to impede N.E. Construction's attempts to obtain from the court an order dismissing it from the pending action for all purposes, "including any kind of defendant in any cross-claim or third-party claim." In furtherance of the goal recognized in the release, N.E. Construction sought the entry of summary judgment against plaintiffs to give force and effect to its dismissal and the contractual discharge of that portion of the cause of action attributable to its fault.[5] Plaintiffs joined in the motion for summary judgment on the terms set forth by the settling defendant. The Superior Court responded by entering a judgment in favor of N.E. Construction and established the basis for enforcing the contractual discharge by means of requiring an allocation of fault and the imposition of several liability on Yarmouth as a non-settling defendant. By entering a several and allocated judgment against Yarmouth in the sum of $60,000, the Superior Court correctly carried out the terms of the summary judgment. Having sought the entry of a judgment that relieved N.E. Construction from all liability for contribution and having obtained the benefits of that bargain, plaintiffs cannot now be heard to complain that the procedure they employed, resulted in an unforeseen detriment. *See Thurston v. 3K Kamper Ko, Inc.*, 482 A.2d 837, 840–41 (Me.1984).

In *Lavoie v. Celotex Corporation*, 505 A.2d 481 (Me.1986), we did not hold that a Pierringer release was ineffective for all purposes. Rather, we held only that there is no basis in Maine law for allowing the settling defendant and the plaintiff to obtain judgment on the non-settling defendant's cross-claim *without his consent. Id.* at 483. In *Lavoie*, we concluded that the procedural order regulating the matters of proof going to fault allocation could not be imposed on an unwilling party because of the possible effect such an arrangement might have on his adversarial position. Plaintiffs in this case are unable to claim any lack of consent. Accordingly, they are bound by the terms of their agreement and the terms of the summary judgment.

### III.

We need not address the issues raised in Yarmouth's cross-appeal. In his brief,

---

liable to the plaintiff for the full amount of the plaintiff's damages. However any defendant shall have the right through the use of special interrogatories to request of the jury the percentage of fault contributed by each defendant.

5. In a supporting memorandum filed with the motion for summary judgment, counsel for N.E. Construction assured the Superior Court that plaintiffs "have released that portion of their cause of action attributable to N.E. Construction's fault. N.E. Construction has bought its peace while ensuring no prejudice to non-settling defendants."

counsel for Yarmouth acknowledges that if the judgments entered by the Superior Court are affirmed, the Town has not been prejudiced by the entry of summary judgment in favor of N.E. Construction. The occasion for the Town's cross-appeal does not arise.

The entry is:

Judgments affirmed.