## Anne Marie HEWITT

v.

## Nancy BAHMUELLER, et al.

Supreme Judicial Court of Maine.

Argued Oct. 30, 1990.
Decided Jan. 8, 1991.

---

Arlyn Weeks (orally), Conley, Haley & O'Neil, Bath, for plaintiff.

William Kelleher (orally), Augusta, for defendants.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD, and BRODY, JJ.

CLIFFORD, Justice.

The plaintiff, Anne Marie Hewitt, appeals and defendants Nancy Bahmueller and Diane Bennekamper (the "nonsettling defendants") cross-appeal from a judgment of the Superior Court (Sagadahoc County, *Lipez, J.*) awarding Hewitt zero dollars on her negligence action against the nonsettling defendants. After a jury verdict for Hewitt in the amount of $180,000, the court pursuant to 14 M.R.S.A. § 163 (1980) reduced the verdict by the amount of Hewitt's pretrial settlements with Charles Bahmueller and Mobile Travelers, Inc., the value of which exceeded $180,000. We affirm the court's award on the jury verdict, but we vacate the court's award of costs to the nonsettling defendants on their cross-claim against Charles Bahmueller.

On October 16, 1983, Anne Marie Hewitt was injured in a propane gas explosion and fire inside a camper located on real property in Woolwich owned by the nonsettling defendants. As a result of the fire, Hewitt suffered second degree burns over twenty percent of her body. Hewitt brought suit against the nonsettling defendants;[1] Charles Bahmueller, the father of Nancy Bahmueller and the owner of the camper; and Mobile Travelers, Inc., the manufacturer of the camper. The complaint alleged negligence against all of the defendants, as well as strict liability and breach of implied warranties against Mobile Travelers. The nonsettling defendants subsequently filed cross-claims for contribution and indemnification against both Mobile Travelers and Charles Bahmueller.

Prior to trial, Hewitt settled with both Mobile Travelers and Charles Bahmueller. The court valued the settlement with Mobile Travelers at $97,000, and the Charles Bahmueller settlement at $193,000. The nonsettling defendants dismissed their

---

1. Larissa Bahmueller–Gard, the daughter of Nancy Bahmueller, also was named as a defendant. She was cooking breakfast with Hewitt in the camper at the time of the accident. She did not settle. The jury found that she had no liability for Hewitt's injury and she is not a party to this appeal.

cross-claim against Mobile Travelers on the first day of trial, but maintained their cross-claim against Charles Bahmueller for the purpose of jury allocation of fault pursuant to 14 M.R.S.A. § 156 (1980).[2]

After a five-day trial, the jury returned a verdict of $180,000 in favor of Hewitt, finding Charles Bahmueller 60 percent liable, Nancy Bahmueller 25 percent liable and Diane Bennekamper 15 percent liable. Pursuant to 14 M.R.S.A. § 163,[3] the court reduced the verdict against the nonsettling defendants by the value of both the Mobile Travelers and the Charles Bahmueller settlements, and because the value of the settlements exceeded $180,000, entered judgment against the nonsettling defendants for zero dollars, plus costs. The court awarded the nonsettling defendants zero dollars plus costs on their cross-claim against Charles Bahmueller.

### Reduction of the Verdict

■ We first address Hewitt's assertions that the court erred in reducing the verdict by the value of her pretrial settlements with Mobile Travelers and Charles Bahmueller. 14 M.R.S.A. § 163 provides that when a person has sought recovery for a personal injury caused by two or more persons and has reached a settlement with one or more of those persons, at a subsequent trial against the other persons causing the injury, "the trial judge shall reduce the verdict by an amount equal to the settlement...." The only instance in which we have held that section 163 does *not* require reduction of a verdict by the amount of a settlement is when the settlement was made with a party who is *determined by the verdict* to be without causative fault. *Thurston v. 3K Kamper Ko.*, 482 A.2d 837, 842 (Me.1984).

Hewitt originally sought recovery from Mobile Travelers, Charles Bahmueller, and the nonsettling defendants based on allegations that all of the defendants caused her injuries. Because Mobile Travelers was not before the jury for allocation of fault (the cross-claims of the nonsettling defendants against it had been dismissed) and Charles Bahmueller was apportioned 60 percent of fault by the jury, the verdict did not declare either of the nonsettling defendants to be without causative fault. By the terms of section 163, the court was required to reduce the verdict against the nonsettling defendants by the amount of the settlements with Mobile Travelers and Charles Bahmueller.[4]

■ We reject Hewitt's argument that the verdict should not have been reduced by the amount of the settlement with Mobile Travelers because that settlement addressed different causes of action than those asserted against the nonsettling defendants. The focus of section 163 is on whether the plaintiff sought recovery for

**2.** 14 M.R.S.A. § 156 (1980) provides in pertinent part:

> In a case involving multi-party defendants, each defendant shall be jointly and severally liable to the plaintiff for the full amount of the plaintiff's damages. However, any defendant shall have the right through the use of special interrogatories to request of the jury the percentage of fault contributed by each defendant.

**3.** 14 M.R.S.A. § 163 (1980) provides:

> Whenever a person seeks recovery for a personal injury or property damage caused by 2 or more persons, the settlement with or release of one or more of the persons causing the injury shall not be a bar to a subsequent action against the other person or persons also causing the injury.
>
> Evidence of settlement with a release of one or more persons causing the injury shall not be admissible at a subsequent trial against the

> other person or persons also causing the injury. After the jury has returned its verdict, the trial judge shall inquire of the attorneys for the parties whether such a settlement or release has occurred. If such settlement or release has occurred, the trial judge shall reduce the verdict by an amount equal to the settlement with or the consideration for the release of the other persons.

**4.** Hewitt also attempts to persuade us that we should reconsider our previous rejection of the analyses of 14 M.R.S.A. §§ 156 and 163 set out in *Stacey v. Bangor Punta Corp.*, 108 F.R.D. 72 (D.Me.1985). *See Lavoie v. Celotex Corp.*, 505 A.2d 481, 483 n. 2 (1986). Because we discern no statutory intent in sections 156 and 163 that the decision of the nonsettling defendants to have the jury determine the fault of Charles Bahmueller pursuant to section 156 prevents the subsequent application of section 163 to reduce the verdict by the full amount of the settlement, we decline to do so.

the same injury against both the settling defendants and the nonsettling defendants, not on whether the plaintiff asserted the same theories of recovery against all of the defendants. Moreover, Hewitt alleged that all of the defendants, including Mobile Travelers, were negligent.

### Admissibility of Plaintiff's Financial Circumstances

■ Hewitt further claims that the court erred in its admission of testimony concerning Hewitt's income and assets during 1988 when she was living in California. Hewitt argues that admission of evidence as to her financial circumstances unfairly prejudiced her by allowing the jury to consider funds she had received from her settlement with Charles Bahmueller. The admissibility of potentially prejudicial but otherwise relevant evidence is reviewed on appeal under an abuse of discretion standard. *State v. Giovanini*, 567 A.2d 1345, 1346 (Me.1989); *see* M.R.Evid. 403.

Hewitt herself initially introduced evidence that she was unable to afford psychiatric treatment while living in California in 1988. The court at first refused to allow the defendants to question Hewitt about the money available to her at that time, but agreed to permit limited questioning after Hewitt continued to present evidence of her lack of financial resources. The court, however, carefully restricted the scope of the questioning and prohibited any mention of the source of Hewitt's income. The court's admission of limited evidence of Hewitt's financial resources during 1988 was within its discretion.

### Award of Costs

■ Additionally, Hewitt contends that the court's award of costs to the nonsettling defendants against Charles Bahmueller was improper. In apportioning costs, the court awarded Hewitt the costs she incurred in pursuing her claim against the nonsettling defendants, but allowed the nonsettling defendants none of their own costs on their cross-claim against Charles

Bahmueller. Instead, the court determined that Charles Bahmueller is liable to the nonsettling defendants for 60 percent of the costs that the nonsettling defendants were required to pay Hewitt. Because under the terms of their settlement agreement Hewitt is liable to Charles Bahmueller for any costs assessed against him, the court's decision directly and adversely affects Hewitt's pecuniary rights by reducing the amount of costs she can recover from the nonsettling defendants by 60 percent. She therefore has standing to dispute that award of costs. *See Gaynor v. McEachern*, 437 A.2d 867, 871 (Me.1981).

14 M.R.S.A. § 1501 (1980) provides that "[i]n all actions, the party prevailing recovers costs unless otherwise specially provided." The Maine Rules of Civil Procedure state that "[c]osts shall be allowed as of course to the prevailing party, as provided by statute and by these rules, unless the court otherwise specifically directs." M.R. Civ.P. 54(d). We have held that "the allowance of costs to a prevailing party is almost automatic" and "disallowance of costs is something in the nature of a penalty." *Teel v. Young*, 389 A.2d 322, 324 (Me.1978).

■ In their cross-claim against Charles Bahmueller, the nonsettling defendants were the prevailing parties. Therefore, they are entitled to an award of costs against Charles Bahmueller. That award, however, must be limited to the costs the nonsettling defendants incurred in pursuing their cross-claim. Hewitt prevailed on her claim against the nonsettling defendants and not against Charles Bahmueller, with whom she had long since settled her claim. The nonsettling defendants are not entitled to recover from Charles Bahmueller 60 percent or any portion of the costs that Hewitt incurred in pursuing her claim against them, and the court erred in making such an award. *See A.T. Smith & Sons v. N.P. Van Valkenburgh Co.*, 337 F.2d 702, 705 (9th Cir.1964) (costs of primary action should be distinguished from costs of third-party action). On remand, the court should award the nonsettling de-

fendants the costs they incurred in pursuing their cross-claim against Charles Bahmueller.[5]

### Refusal to Apply Rule 68

 In their cross-appeal, the nonsettling defendants contend that the court erred in awarding costs to Hewitt against them and in refusing to apply M.R.Civ.P. 68[6] to assess their costs against Hewitt.[7] The nonsettling defendants served an offer of judgment upon Hewitt for $25,001 more than 10 days before the trial began. Hewitt rejected the offer, but obtained a judgment of zero dollars after the trial. Although M.R.Civ.P. 68 requires that under such circumstances the offeree pay the costs incurred after the offer is made, the court found that the nonsettling defendants had waived the Rule 68 issue by failing to raise it until the final hearing on post-verdict motions. Because the nonsettling defendants had ample time to raise the Rule 68 offer in the more than four months between the time of the verdict and the final hearing on costs, there was no clear error in the court's finding that the nonsettling defendants had waived, or more precisely, failed to preserve their rights under Rule 68.[8]

The entry is:

Judgment as to costs vacated. Remanded to the Superior Court for determination and award to Nancy Bahmueller and Diane Bennekamper of costs incurred in their cross-claim against Charles Bahmueller. In all other respects, judgment affirmed.

All concurring

**5.** We reject Hewitt's additional contention that the court erred in refusing to include photocopying costs in its award of costs to her against the nonsettling defendants. Neither the statutes, 14 M.R.S.A. §§ 1502-B, 1502-C (Supp. 1990), nor the Maine Rules of Civil Procedure, see M.R.Civ.P. 54, specifically provide for the recovery of photocopying costs in a civil action. The court acted within its discretion in declining to award costs for photocopying.

**6.** M.R.Civ.P. 68 provides in pertinent part:

At any time more than 10 days before the trial begins ... a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money ... speci-

fied in the offer, with costs then accrued.... If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer.

**7.** The nonsettling defendants have raised several other issues in their cross-appeal. We need not address these issues because they would not affect the judgment of the Superior Court.

**8.** The failure to bring an issue to the court's attention constitutes a procedural default or a failure to preserve the issue, as opposed to waiver, which is an intentional relinquishment of a known right. *New England Whitewater Ctr. v. Department of Inland Fisheries & Wildlife,* 550 A.2d 56, 59 n. 5 (Me.1988).