Catherine Duffy PETIT, et al.

v.

**KEY BANCSHARES OF
MAINE, INC., et al.**

Supreme Judicial Court of Maine.

Argued Sept. 29, 1992.
Decided Oct. 23, 1992.

Richard E. Poulos, John S. Campbell (orally), Poulos, Campbell & Zendzian, Portland, for plaintiffs.

Ralph I. Lancaster (orally), John J. Aromando, Pierce, Atwood, Scribner, Allen, Smith & Lancaster, Portland, for Key Bank.

Jeffrey A. Thaler (orally), Berman & Simmons, Lewiston, for Bernstein, Shur, Sawyer & Nelson.

Before WATHEN, C.J., and ROBERTS, GLASSMAN and CLIFFORD, JJ.

ROBERTS, Justice.

On the motion of defendants Key Bancshares of Maine, Inc., and Key Bank of Southern Maine, Inc., the Superior Court (York County, *Brennan, J.*) reported this case pursuant to M.R.Civ.P. 72(c) [1] for our review of an interlocutory ruling. The sole issue is whether the court may properly enter a *Pierringer* order [2] affecting a nonsettling defendant's inchoate claim for contribution against a settling defendant over the objection of the nonsettling defendant. Because we find the order to be improper, we vacate the order reported.

---

1. M.R.Civ.P. 72(c) reads as follows:
   **Report of Interlocutory Rulings.** If the court is of the opinion that a question of law involved in an interlocutory order or ruling made by it in any action in the Superior Court ought to be determined by the Law Court before any further proceedings are taken therein, it may on motion of the aggrieved party report the case to the Law Court for that purpose and stay all further proceedings except such as are necessary to preserve the rights of the parties without making any decision therein.

2. The term *"Pierringer* order" is derived from the Wisconsin case of *Pierringer v. Hoger,* 21 Wis.2d 182, 124 N.W.2d 106 (1963).

This report arises out of a ten-count complaint filed in 1986 by Catherine Duffy Petit and her wholly owned corporations (Petit) against six defendants: Bernstein, Shur, Sawyer & Nelson, P.C. (Bernstein Shur), Sumner T. Bernstein (Bernstein), Leonard M. Nelson (Nelson), and Gregory A. Tselikis (Tselikis) (collectively Law Firm Defendants), as well as Key Bancshares of Maine, Inc., and Key Bank of Southern Maine, Inc. (collectively Key Bank). Petit seeks compensatory and punitive damages resulting from an alleged conspiracy among the Law Firm Defendants, Marco DeSalle as president of Depositors Trust Company,[3] and others, to steal her business by fraudulent misrepresentations and deceit.

In 1990 Petit and the Law Firm Defendants entered into a *Pierringer* settlement agreement. Petit moved for the entry of an order implementing the *Pierringer* release and indemnity agreement. Key Bank objected to the motion in a memorandum opposing the proposed order. The Law Firm Defendants then requested that questions of relative causative fault be submitted to the jury through the use of special interrogatories pursuant to 14 M.R.S.A. § 156 (1980).

Thereafter Petit filed motions to dismiss with prejudice all claims against Bernstein Shur, Tselikis, and Bernstein, and to dismiss without prejudice all claims against Nelson. The court granted Petit's motions to dismiss without objection from Key Bank. In a separate procedural order dated March 4, 1992, the court granted the Law Firm Defendants' request that questions of relative causative fault be submitted to the jury through the use of special interrogatories.

■ In the typical *Pierringer* release situation, the settling defendant is dismissed from the plaintiff's action and obtains a summary judgment on the cross-claims of any nonsettling defendants. *See Clockedile v. Town of Yarmouth*, 520 A.2d 1075, 1077 n. 3 (Me.1987). The summary judgment on the cross-claim ordinarily contains a provision for fault allocation similar to the procedural order in this case. *See id.* Key Bank argues that under Maine law a *Pierringer* order cannot be entered over the objection of a nonsettling defendant. Citing our decision in *Lavoie v. Celotex Corp.*, 505 A.2d 481 (Me.1986), it maintains that the entry of such an order unduly burdens the nonsettling defendant's independent claims for contribution against the settling defendant and is therefore improper. We agree.

■ We have long held that contribution "is an equitable right founded on acknowledged principles of natural justice and enforceable in a court of law." *Emery Waterhouse Co. v. Lea*, 467 A.2d 986, 996 (Me.1983) (quoting *Hobbs v. Hurley*, 117 Me. 449, 451, 104 A. 815, 816 (1918)); *Bedell v. Reagan*, 159 Me. 292, 295, 192 A.2d 24, 26 (1963). In *Lavoie*, we addressed the interplay between a *Pierringer* release and a nonsettling defendant's independent right of contribution. There we held that a nonsettling defendant's cross-claims cannot be dismissed pursuant to a *Pierringer* arrangement without the nonsettling defendant's consent. *Lavoie*, 505 A.2d at 483. In reaching that conclusion, we were mindful of the distortion of the adversarial relationships that invariably accompanies *Pierringer* releases.[4] *Id.* *See also Clockedile*, 520 A.2d at 1078.

■ That there is in this case no pending cross-claim is a distinction of no practical consequence. Since cross-claims are permissive rather than compulsory, a claim for contribution may be asserted against a

---

**3.** Key Bank of Southern Maine, Inc., and Key Bancshares of Maine, Inc., are the successors of Depositors Trust Company of Southern Maine, Inc., and Depositors Corporation, respectively.

**4.** We reject the Law Firm Defendants' contention that *Lavoie* created a "practical rule" whereby the determination whether a nonsettling defendant's cross-claims for contribution can be dismissed pursuant to a *Pierringer* order without the consent of the nonsettling defendant is dependent on the facts presented in each case. Rather, it is precisely because the practical effect on the adversarial relationships is so fact-dependent in the *Pierringer* context that we declined to adopt such a case-by-case analysis in *Lavoie*. *Lavoie v. Celotex Corp.*, 505 A.2d 481, 483 (Me.1986).

joint tortfeasor in a subsequent action. *See Otis Elevator Co. v. F.W. Cunningham & Sons,* 454 A.2d 335, 340 (Me.1983); M.R.Civ.P. 13(g). To distinguish *Lavoie* on this basis would serve to penalize a nonsettling defendant for choosing to vindicate its contribution claim in a subsequent action, a tactical choice that is reserved to the nonsettling defendant. We conclude, therefore, that the Superior Court may not enter a *Pierringer* order extinguishing the contribution claims of a nonsettling defendant, whether they are inchoate or asserted in a pending cross-claim, over the objection of the nonsettling defendant.

The entry is:

Procedural order of March 4, 1992, vacated.

Remanded for further proceedings consistent with the opinion herein.

All concurring.