STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-02-213
SKS - KEN - 7/15 200 ...

TOWN OF FARMINGDALE,

Plaintiff

DONALD L. GARBRECHT
LAW LIBRARY

AUG 11 2005

v.

SHANNON M. FISHER, et al.,

Defendants

DECISION ON MOTION
FOR PARTIAL
SUMMARY JUDGMENT

This matter comes before the court on the plaintiff's motion for partial summary judgment. The motion seeks to preclude the defendants from challenging the validity of the ordinance in question or the code enforcement officer's interpretation of that ordinance. The court is satisfied that for the limited purposes of this motion, there are no genuine issues of material fact in dispute.

## Factual Background

Defendant Shannon Fisher (Fisher) is the sole proprietor of a retail video and bookstore doing business under the name "1st Choice Adult Book & Video" situated in a building owned by defendant Richard Brann. The business is a "sexually oriented business" within sections 5-803(A) and (E) or Article VIII of chapter 5 of the Town of Farmingdale Code of Ordinances, effective March 30, 2002.

Fisher's business began operations on January 23, 2002. Under section 5-814 of the Ordinance, the business was required to obtain a license in compliance with that Ordinance or cease operation by September 30, 2002. As of October 1, 2002, after inspection by the code enforcement officer (CEO), the CEO determined that the business was still operating in violation of the ordinance. On October 2, 2002, Brann and Fisher were each served with a Notice of Violation and Compliance Order issued

by the CEO. The notice stated that the defendants must cease all operations of business prior to October 10, 2002. As of October 10, 2002 (the date of the complaint filed with this court), the business continued to operate.

The notice of violation and compliance order issued by the CEO on October 2, 2002, detailed the CEO's inspection and his finding that the business continued operation without a license and additionally violated specified sections of the Ordinance concerning location within 1,000 feet of the lot lines of residences, separate driveway entrance and parking areas, and the design or construction of certain viewing booths. The notice then advised the defendants of the possible consequences of their failure to obey the order, including filing of a civil action in court to enforce the Ordinance. The notice ended stating, "This is a final Order, which may be appealed to the Kennebec County Superior Court, within 30 days of the date of this Notice, pursuant to Rule 80B of the Maine Rules of Civil Procedure." No appeal was taken by either of the defendants. The town then filed the present action in the Superior Court seeking enforcement of its Ordinance concerning sexually oriented business.[1]

## Discussion

The plaintiff's motion for partial summary judgment tests the issues remaining for litigation in light of the defendants' failure to appeal the CEO's final order pursuant to M.R. Civ. P. 80B. The plaintiff relies on *Town of Boothbay v. Jenness*, 2003 ME 50, ____ A2d. ____, for the proposition that, "If a party does not challenge an administrative order through an available appeal that contains 'the essential elements of adjudication,' the failure to do so may have a preclusive effect upon any subsequent litigation on

---

[1] Since violation of the Ordinance is identified as a "civil violation," and the Ordinance itself is identified as a "land use" ordinance, enforcement actions could also have been brought by the town in the District Court pursuant to M.R. Civ. P. 80H or 80K. However, this appears to be an area of concurrent jurisdiction with the District and Superior Courts, and the town elected to bring the action in the Superior Court. 4 M.R.S.A. § 152(6).

2

identical issues and claims dealt with in the administrative order." The defendants object pointing out that the CEO's order was a preliminary action taken without prior notice or hearing or other opportunity for the defendants to raise arguments concerning the constitutionality of the Ordinance.

The effect of failure to avail oneself of available appeal of administrative orders has generated considerable litigation. Beginning with *Town of North Berwick v. Jones*, 584 A.2d 667 (Me. 1987), the Law Court extended the principle of res judicata from final court judgments to include final adjudication in an administrative proceeding before a quasi-judicial municipal body. The court held that as long as the administrative proceeding entailed the essential elements of adjudication, the principle would apply. Among those essential elements the court found "1) adequate notice, 2) the right to present evidence and legal argument and to abut opposing evidence and argument, 3) a formulation of issues of law or fact to apply rules to specified parties concerning a specified transaction, 4) the rendition of a final decision, and 5) any other procedural elements as may be necessary to constitute the proceeding a sufficient means of conclusively determining the matter in question." *Id.* at 670. It should be noted that in *Jones*, unlike the present case, the defendants had a full hearing before the local planning board, with counsel, prior to the municipal agency decision.

In *Town of Freeport v. Greenlaw*, 602 A.2d 1156 (Me. 1992), the Law Court again addressed the issue of res judicata or issue preclusion from failure to appeal a municipal decision in the form of a CEO letter informing the defendant that he could not increase the seating on his restaurant property. After analyzing the letter, the court decided that it did not constitute acceptable notice, which is one of the essential elements of adjudication for application of res judicata. However, there was no mention of the fact that other elements such as an opportunity to be heard, formulation

of issues of law and fact and a rule of finality were not involved in the CEO's decision, leaving these other grounds for reversal unresolved.

More recently in the *Jenness* case (supra), the Law Court has carried its analysis even further. In this case, the CEO provided the defendant with a notice of violation which had been served on another defendant, along with a letter advising Jenness of her right to appeal to the Zoning Board of Appeals. The letter then stated, "[Y]ou must file said appeal within thirty (30) days of the subject decision or action complained of, or forever forfeit that right." Jenness did not appeal, and the court noted, "If a party does not challenge an administrative order through an available appeal that contains the 'essential elements of adjudication,' the failure to do so may have preclusive effect upon any subsequent litigation on identical issues and claim dealt with in the administrative order." *Id.* at ¶ 21, cites omitted. Finishing the thought, the court stated, "In other words, adequate notice of the opportunity to appeal to the Board <u>and of the consequences of failing to appeal</u> will trigger the protections of the Board's procedure, which include the other 'essential elements of adjudication,' whether or not the party actually appeals and receives those 'essential elements'." *Id.* at ¶ 21, emphasis provided. The situation in light of *Jenness* and its predecessors seems to be that res judicata can result from the failure of a defendant to take advantage of an available administrative or judicial appeal even if that determination comes in the form of a notice of violation issued by a code enforcement officer without the benefit of a hearing or an opportunity to explore legal issues. However, before the failure to appeal will be given such preclusive effect, the plaintiff must show that the defendant was given adequate notice both of his right to appeal <u>and</u> of the consequences of failing to appeal.

Turning to the present case, the CEO's letter of October 2, 2002, is clearly labeled "Notice of Violation and Compliance Order." The notice describes the procedural

4

background of the Ordinance and the inspection the CEO conducted. The CEO stated specific violations and the reasons for those findings. Finally, the letter notes that the final order may be appealed to the Superior Court pursuant to Rule 80B. However, unlike the notice in *Jenness*, which stated that the defendant must file appeal "or forever forfeit that right," there was no warning in the present notice of the consequences of failing to appeal. This failure becomes especially critical in the present case where there is no municipal administrative body available to review the CEO's conclusions and the only way for the defendant to receive the opportunity for hearing and formulation of the legal and factual issues and finality of judgment lay in an immediate appeal to the Superior Court. It seems unlikely to this court that the average citizen faced with a summary letter from a town code enforcement officer would understand that she must immediately exercise an appeal in the Superior Court or forever lose her right to challenge the Ordinance or the CEO's interpretation. Under these circumstances, it is even more important that the notice is clear concerning those potential consequences. Because the notice in the present case was not sufficient as to the consequences of failure to appeal, the court concludes that the CEO's determinations and the constitutionality of the Ordinance are not entitled to res judicata treatment.

With regard to the plaintiff's argument that proceeding on appeal pursuant to M.R. Civ. P. 80B is the exclusive method of appealing the validity of the CEO's Order, the court again has difficulty. In most cases involving municipal ordinances dealing with land use or specifying violations as civil violations, enforcement action would be brought in the District Court pursuant to M.R. Civ. P. 80H or K. In those situations, the named defendant appears before the court for what could be called a "civil arraignment," trial is held, the defense has the opportunity to argue legal points, and the judge decides the matter. However, in the rarely used procedure utilized by the

5

plaintiff in the present case, the defendant first appears in court already having been adjudicated by the CEO, without the benefit of a hearing or an opportunity to present defenses, which raises issues of fundamental fairness even if technically correct. The defendant has the right to appeal pursuant to Rule 80B, but, as with the res judicata issue above, to use this as a basis for precluding any test of the elementary legality of the underlying ordinance seems to go a bit too far. Given the specific facts of this case – that the complaint against the defendant is based upon the bare assertions of the CEO without benefit of hearing or argument – precluding a defendant from challenging the constitutionality of the Ordinance as being a collateral attack upon the administrative decision appears to violate fundamental fairness and due process. For this reason, the court will also deny that part of the motion concerning the exclusive nature of the Rule 80B appeal.

For the reasons stated above, the entry will be:

Motion DENIED.

Dated: July 15, 2003

S. Kirk Studstrup
Justice, Superior Court

6

TOWN OF FARMINGDALE - PLAINTIFF

Attorney for: TOWN OF FARMINGDALE
THOMAS BRENDAN FEDERLE
DYER GOODALL AND FEDERLE LLC
61 WINTHROP ST
AUGUSTA ME 04330

SUPERIOR COURT
KENNEBEC, ss.
Docket No   AUGSC-CV-2002-00213

**DOCKET RECORD**

vs
SHANNON M FISHER   - DEFENDANT

Attorney for: SHANNON M FISHER
C H SPURLING
SPURLING LAW OFFICES
TWO CHURCH ST
GARDINER ME 04345

RICHARD BRANN   - DEFENDANT

Attorney for: RICHARD BRANN
BRIAN WINCHESTER
OFFICE OF BRIAN P WINCHESTER
116 STATE STREET
AUGUSTA ME 04330

Filing Document: COMPLAINT                    Minor Case Type: OTHER CIVIL
Filing Date: 10/10/2002

# Docket Events:

10/11/2002 FILING DOCUMENT - COMPLAINT FILED ON 10/10/2002

10/11/2002 Party(s):  TOWN OF FARMINGDALE
            ATTORNEY - RETAINED ENTERED ON 10/10/2002

10/11/2002 CERTIFY/NOTIFICATION - CASE FILE NOTICE SENT ON 10/11/2002
            MAILED TO ATTY COLBY.

10/16/2002 Party(s):  RICHARD BRANN
            SUMMONS - CIVIL SUMMONS FILED ON 10/15/2002

10/16/2002 Party(s):  RICHARD BRANN
            SUMMONS - CIVIL SUMMONS SERVED ON 10/11/2002
            ORIGINAL SUMMONS WITH RETURN SERVICE MADE UPON RICHARD E. BRANN.

10/16/2002 Party(s):  SHANNON M FISHER
            SUMMONS - CIVIL SUMMONS FILED ON 10/15/2002

10/16/2002 Party(s):  SHANNON M FISHER
            SUMMONS - CIVIL SUMMONS SERVED ON 10/11/2002
            ORIGINAL SUMMONS WITH RETURN SERVICE MADE UPON SHANNON M. FISHER.

10/28/2002 Party(s):  RICHARD BRANN
            RESPONSIVE PLEADING - ANSWER FILED ON 10/25/2002
            Defendant's Attorney: BRIAN WINCHESTER

Printed on: 07/16/2003